## Lora Baker, Appellee, v. Andrew J. Fritts, Appellant.

1. PLEADING—*when objections to declaration waived.* By pleading over after demurring to a declaration, objections to the declaration are waived.

2. PLEADING—*rule of construction.* In construing pleadings before verdict every intendment is against the pleader; after verdict, every intendment justified by the most liberal construction is in favor of the pleading.

3. PLEADING—*when declaration sufficient after verdict.* A declaration is sufficient after verdict, even though all the formal averments are not contained therein. A declaration will be sustained after verdict if it appears from the evidence that all the essential elements entitling a recovery are established by the proof.

4. PRACTICE—*when motion in arrest does not lie.* A motion in arrest for want of proper parties, will not avail unless it appears of record that there is an omission of a *necessary* party.

5. TENANTS IN COMMON—*when need not be joined in action for personal injuries.* While it is ordinarily the rule that tenants in common should all be made defendants in an action for negligence respecting the premises owned by them, yet it is not necessary nor even proper to do so where the negligence complained of is the act of one in possession or control of the common property.

6. VERDICT—*when not disturbed for excessive damages.* The court will not disturb a verdict on complaint of excessive damages unless the allowance is such as to manifest prejudice, passion or mistake on the part of the jury.

Trespass on the case. Appeal from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

JAMES C. COURTNEY, for appellant; H. A. EVANS and D. W. HELM, of counsel.

C. L. V. MULKEY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action of trespass on the case for a personal injury. The original declaration filed was substantially as follows: That the defendant on the first of March, 1907, was the owner of a certain lot or parcel of ground and was also then and there in the possession and control of a certain building theretofore erected on said lot, which said lot and building thereon abutted a public street known as Ferry street in the city of Metropolis; that connected with said building and as a part thereof, a wooden shed or awning projected from the front of the building into Ferry street, a distance of twelve feet, being supported by wooden posts at the outer edge of the sidewalk in front of the building; that it was the duty of the defendant to take reasonable care that the said wooden shed be kept in proper condition so as not to fall into said street and endanger the lives of persons lawfully passing along the sidewalk in front of said building; that the defendant suffered negligently said build-

ing and shed to become worn, dilapidated, unsafe and dangerous to passers-by along said sidewalk; that the defendant had knowledge of said worn, dilapidated condition of said shed or ought to have known it; that while plaintiff was walking under the shed and exercising due care for her own safety said shed, in consequence of its dilapidated and unsafe condition, and because of the negligence of defendant, became detached from the building and fell upon the sidewalk where plaintiff was walking and struck the plaintiff; by means whereof the plaintiff was seriously injured both externally and internally.

At the conclusion of plaintiff's evidence, the court permitted the plaintiff to amend her declaration, by striking out the words "was the owner of a certain lot or parcel of ground," and inserted in lieu thereof the words, "was one of the owners of lot 296 in block 28 of the city of Metropolis, county of Massac, Illinois," and in another place by striking out the words: "was also then and there in possession and control of," and in another place by inserting the words "and had so permitted and suffered said building and said wooden shed to become and be a public nuisance for a long space of time, to-wit, for five years prior to the injury herein complained of." The defendant objected to the allowance of these amendments, the objections were overruled, and the defendant demurred to the declaration as amended; which being overruled, he refiled or extended the general issue to the amended declaration.

The case was tried by a jury, which returned a verdict in favor of the plaintiff, assessing damages at $750. Defendant moved successively for new trial and in arrest of judgment. Both motions were denied by the court and judgment rendered on the verdict, from which the defendant appealed.

It is first contended that the trial court erred in allowing plaintiff to amend her declaration after her evidence was all in. The only objection urged in argu-

ment is, that the amendments eliminated from the declaration material and necessary allegations, without which a legal cause of action is not stated. The demurrer to the amended declaration challenged its sufficiency and having pleaded after demurrer was overruled, the defendant waived all objections to the declaration and may not thereafter assign error on any ruling regarding the demurrer. Barnes v. Brookman et al., 107 Ill. 317; C. & A. Ry. Co. v. Bell, 209 Ill. 25. The sufficiency of the declaration is not brought in question by the assignment of errors shown by abstract and record, but we are disposed to consider the contention and argument of counsel under the additional assignment made by leave of this court at the February term when the case was submitted, though it does not appear from the motion for new trial or in the motion to arrest the judgment, or in other manner, that the sufficiency of the declaration to sustain a verdict was made a question in the trial court. The amended declaration in this case alleges that the defendant was part owner of the premises. The proof shows that he and his sisters were owners as tenants in common, he owning an undivided one-half, and they together the other half.

It is alleged and proved that the defendant negligently suffered the building and shed over the sidewalk to become worn, dilapidated, out of repair and dangerous to persons passing on the sidewalk under the shed, and that he permitted and suffered the building and shed to be and become a public nuisance for five years before the injury occurred. It is further alleged, and of this there is proof, that the plaintiff was in the exercise of due care for her own safety. It is contended by counsel that the declaration is fatally defective, even after verdict, for want of allegation that defendant was in possession or control of the premises and dwells at some length upon the proposition established by authority, that if a tenant in common alone be sued in case or trespass respecting the land he may

plead the tenancy in common in abatement, and that where the declaration shows the non-joinder of a proper defendant the defect can be reached by demurrer or in arrest of judgment.  As already stated, this declaration was tested by demurrer, but no error was or could be assigned upon the court's ruling, for the defendant waived objection by pleading over.  A motion in arrest would not avail unless it appears of record that there is an omission of a *necessary* party. While it is the rule ordinarily that tenants in common should all be made defendants in an action for negligence respecting the premises owned by them, yet it is not necessary, nor even proper to do so, where the negligence complained of is the act of one in possession or control of the common property.  In such case he alone is individually liable for injuries growing out of its unsafe condition.  17 Am. & Eng. Enc. Law 707 and notes.  But it is urged that this declaration as amended does not allege that defendant was in possession and control and is therefore deficient in an essential allegation.  It may be conceded that a demurrer to this declaration should have been sustained, but it does not follow that the reason for so holding should likewise prevail when the sufficiency of the declaration is questioned after verdict.  In construing pleadings before verdict every intendment is against the pleader.  After verdict every intendment warranted by the most liberal construction is in favor of the pleading.  "The rule is different when the sufficiency of a count in a declaration is raised by demurrer than where it is questioned upon appeal. Declarations which may be defective statements of a cause of action which on a proper demurrer would be held defective may be good after verdict."  Grace and Hyde Company v. Sanborn, 225 Ill. 138.  In aid of a verdict facts imperfectly stated or submitted, when within the general terms of the declaration, will be supplied; Sargent Co. v. Baublis, 215 Ill. 428.  In the case of B. & O. S. W. Ry. Co. v. Keck, 185 Ill. 400,

the court says: "Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict, where the issues joined are such as necessarily require proof of the fact so defectively presented, and without which proof it is not to be presumed that the court would have directed or the jury would have given the verdict." The issues joined in this case "necessarily required proof" that defendant was "in possession or control of the premises" in order to sustain the allegations in her declaration "that the defendant suffered negligently the said building and shed to become worn, dilapidated, unsafe and dangerous" and "that he had or permitted and suffered said building and shed to become a public nuisance for five years," etc. The necessary inference from these allegations is that the defendant must have been in possession or control else he could not permit or suffer the building to become dangerous. It is quite within the rule of cases cited to hold in this case, that the verdict will "supply the facts defectively and improperly stated or omitted" because such facts are "within the general terms of the declaration." Under the issues submitted the defendant may be held to liability either as a part-owner, a tenant in common in possession and control of the premises, or as a landlord leasing premises in a dangerous condition, or thereafter permitting the same, or the appurtenances used in common by several tenants, to become dangerous and out of repair. There is evidence in the record tending to prove the appellee's right to recover upon either hypothesis.

Further complaint is made of the court's ruling in giving and refusing instructions. After a careful examination of the instructions to which attention is directed by argument we are of opinion that there was here no error to justify a reversal of the judgment. Appellee's first given instruction is subject to the criticism made and in the standard form would better have expressed the definition of reasonable care when

applied to the caution required of the plaintiff in this case. The second instruction was properly given as it contains a substantially correct proposition of law applicable in this case. Vocke v. Chicago, 208 Ill. 192. The principal objection to the third and fourth instructions is, that they contain a general proposition that one tenant in common is alone liable for damages growing out of negligence in caring for the common property. As already indicated in another part of this opinion the instruction is incorrect as a *general proposition,* nevertheless when it appears from the evidence that one of several tenants in common has control or possession of the common property he alone may be held to liability for negligence respecting said property while in such possession or control. From the evidence and other given instructions, we do not think the jury were misled to the appellant's prejudice, or that the verdict is in any sense the result of a misdirection by the court. Every legal proposition for which appellant contends, so far as applicable to the facts in this case, seems to be covered by the given instructions and therefore the court did not err in refusing other instructions offered by appellant.

The question of damages in cases of this kind is peculiarly within the province of the jury, and courts will not disturb a verdict on complaint of excessive damages unless the allowance is such as to manifest prejudice, passion or mistake on the part of the jury. From the evidence we cannot say that the damages are excessive in that degree.

It is not urged that the verdict is contrary to the evidence, or that there is not evidence fairly tending to prove the issues made by the plea and declaration as here interpreted, and as we find no error in the proceeding prejudicial to appellant's rights, the verdict is held conclusive and the judgment must be affirmed.

*Affirmed.*