LOUISA MICCA, ADMINISTRATRIX AD PROSEQUENDUM, APPELLANT, v. JOHN J. PARENTINI, RESPONDENT.

Submitted October term, 1929—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Dante Rivetti*.

For the respondent, *Edwin F. Smith* and *Raymond Dawson*.

PER CURIAM.

This is an action under the Death act predicated upon negligence of the defendant as the owner of a two-story apartment house in failing to provide light in the first floor hall under section 126 of the Tenement House act (4 *Comp. Stat., p.* 5341).

On Sunday, October 25th, 1925, the electric current supplied by the Public Service Electric and Gas Company failed throughout the community in which the house was located. The door bells, door openers and lights throughout the building in question were supplied by current from this source.

The failure of supply was noticed at three P. M. About five-thirty P. M. decedent left his apartment, on the second floor, for the purpose of securing a lamp. This he did and about five-forty-five P. M. proceeded to return to his apartment. Whether the lamp was lighted or not does not appear but it does appear decedent proceeded to ascend the stairway to his apartment, and for some reason or cause, not appearing, fell backward down the stairs to the ground floor, receiving injuries from which he died. The suit was brought to recover damages for his death. The trial court directed a nonsuit, from the judgment upon which this appeal is taken.

It is urged that this judgment should be reversed because under the foregoing facts the question of negligence of the defendant and that of the decedent should have been submitted to the jury. It appears that after the failure of the electric current an effort was made to notify the owner but he could not be found and it is urged that under the Tenement House act the duty to light is such an absolute one that he was required to provide some means of lighting if the electric current failed as it did in this instance.

334

We think it was not error to nonsuit:

1. Because negligence was not established for the reason that having provided a usual and accustomed method of lighting defendant had satisfied the statute and was not bound to provide means absolutely insuring against failure of such method.

2. Knowing that there was a failure of lighting decedent took the risk of injury when he attempted to ascend the stairway in darkness.

3. There was no proof that the failure of lighting in the hallway was the proximate cause of the happening.

The judgment below is affirmed, with costs.