NORAH NEWELL *vs.* HERMAN J. WEISMAN, EXECUTOR.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 14th—decided November 17th, 1931.

*Albert W. Hummel* and *George H. Lynch,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

BANKS, J. Upon the conclusion of the testimony the court directed the jury to bring in a verdict in favor of the defendant. The record contains a finding which recites the statement of the court to the jury of its reasons for directing a verdict. The appeal assigns error in this statement and in the refusal of the court to find the facts set forth in certain paragraphs of the draft-finding. Since the case was not submitted to the jury, error cannot be predicated upon the remarks of the court in withdrawing it from their consideration, and since there was no charge to the jury no finding was necessary, and one should not have been made. The only question upon the appeal is whether the court erred in directing a verdict.

The plaintiff and her husband rented and occupied the third floor tenement of a three-family house owned by the defendant. On or about August 1st, 1929, the plaintiff requested the defendant's agent to furnish her an appliance for drying her clothes, since a "clothes pole" which she had previously used for that purpose had been removed. The agent purchased from a dealer in hardware and builders' supplies an appliance for drying clothes known as a "Hill Balcony Drier" and on August 4th, 1929, this was installed by an employee of the dealer on the rear verandah of the plaintiff's tenement, to which access was had directly from the kitchen of her tenement. The plaintiff used the drier continuously once or twice a week until October 14th, 1929, upon which date, as she was hanging out her washing, the drier collapsed and fell upon her, causing the injuries for which she is seeking to re-

cover. A cotter pin, inserted through a hole in one of the supporting arms of the drier, sustained the weight of the drying reel, and the collapse of the reel was due to the fact that this pin became loosened and fell from the hole in which it was inserted. These facts were substantially undisputed upon the trial. The trial court directed a defendant's verdict upon the ground that the drier, having been installed by an independent contractor, the landlord, having no control over the method of installation, was not liable for any negligence of the servants of the independent contractor. Upon the argument counsel for the plaintiff abandoned any claim based upon faulty installation, and stated that the plaintiff relied upon the failure of the defendant to inspect the drier, and his negligence in permitting it to remain upon the premises in a dangerous condition.

Upon the evidence in the case it does not appear that there was any duty upon the landlord to inspect the drier. It is not alleged that the verandah where the drier was installed was a part of the premises retained under the control of the landlord. On the contrary, the evidence makes it clear that it was a part of the tenement rented to the plaintiff and her husband and under their sole control. When the drier was installed it became a part of the leased tenement under the sole control of the tenants, and the landlord was under no duty to inspect it or keep it in repair. *Gallagher* v. *Button,* 73 Conn. 172, 46 Atl. 819; *Conahan* v. *Fisher,* 233 Mass. 234, 124 N. E. 13.

Nor does the evidence disclose any failure of duty on the part of the landlord if it be assumed that the drier was a part of the premises retained under his control. The primary duty of the landlord as to such premises is to use reasonable care to see that they are kept reasonably safe. Liability for a breach of that

duty will arise only if it appears that the landlord either knew of a defect or was chargeable with notice of it, because had he exercised a reasonable inspection of the premises, he would have known of it. *Vinci* v. *O'Neill*, 103 Conn. 647, 657, 131 Atl. 408. The record contains no evidence which would support a finding that the landlord or his agent knew of the defect in the drier or that a reasonable inspection of the premises would have disclosed it. There was no evidence as to how long prior to the accident the cotter pin had been out of place, but from the fact that the plaintiff had been using the drier continuously once or twice each week a fair inference would be that the pin did not fall out until the day upon which she was hurt. The evidence affords no basis for a conclusion that the landlord was charged with constructive notice of a defect in the drier, and therefore none for a finding of any breach of duty on his part. Upon neither hypothesis as to where lay the control of the drier and the duty to maintain it in repair would the undisputed facts disclose any liability on the part of the defendants to the plaintiff and the court therefore properly directed the jury to render a verdict in favor of the former.

There is no error.

In this opinion the other judges concurred.