THERESA J. McNULTY *vs.* THE SHERMAN REALTY CORPORATION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 14th—decided November 3d, 1937.

*DeLancey Pelgrift,* for the appellant (defendant).

*Dennis P. O'Connor,* with whom, on the brief, was *James J. O'Connor,* for the appellee (plaintiff).

JENNINGS, J.   The jury could reasonably have found the following facts: The plaintiff lived with her husband and daughter on the third floor of an eight-tenement house belonging to the defendant.   The stairway leading from the second to the first or ground floor was in good structural condition and was provided with adequate electric lighting fixtures and a hand rail.   Due to unprecedented flood conditions, electric service was interrupted at 1.04 a.m. on March 20th, 1936, and was not resumed until 10.30 a.m. on March 31st, 1936.   On the evening of March 25th, 1936, the plaintiff left her home to go to church.   The tenant on the second floor had provided a candle but, due to the arrangement of the exits, it did not throw any light into the main hall leading to the first floor. The latter was very dark.   In attempting to descend this last flight, the plaintiff missed her footing in the dark.   She fell the full length of the stairs and was injured.   Candles, lanterns and lamps were obtainable in the neighborhood between the twentieth and twenty-fifth of March.   The jury rendered a verdict for the plaintiff.   The only assignment of error is the failure of the trial court to set it aside.

Section 2566 of the General Statutes provides that "The owner of each tenement house shall provide for the lighting of all public halls at night."   This statute has been interpreted as placing upon the landlord the duty of using reasonable care and diligence to provide

for the lighting of public halls and to keep the lights in operation during the night. *Iudica* v. *DeNezzo,* 115 Conn. 233, 238, 161 Atl. 81. In the absence of any assignment of error addressed to the charge, it is to be assumed that the jury was correctly instructed on this point. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 Atl. 901. The defendant could hardly claim that if the current was permanently interrupted, it could be absolved from the duty imposed by the statute by the maintenance of unlighted fixtures. Whether under all the circumstances disclosed in evidence it was guilty of a breach of that duty was a fair question of fact for the jury. Its determination of that question in favor of the plaintiff is reasonable and must stand. *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863. The refusal of the trial judge to set the verdict aside is important. *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169.

The defendant claims that this conclusion makes it an insurer and cites *Micca* v. *Parentini,* 8 N. J. Misc. 332, 150 Atl. 223. As far as the point under discussion is concerned, the latter case differs factually from the case at bar in that there was a light failure of two and a half hours in that case, while here it exceeded five days. The evidence relative to the opportunities for obtaining other lights clearly justified the verdict. No question of the defendant being an insurer can be said to be involved.

There is no error.

In this opinion the other judges concurred.