ANGELO CARPENTIERI, P.P.A.
vs.
EDWARD F. KANE

Court of Common Pleas     Hartford County     File #36914

MEMORANDUM FILED JUNE 29, 1938.

Cole & Cole, of Hartford, for the Plaintiff.

Robert L. Halloran, of Hartford, for the Defendant.

MOLLOY, J. This action arises out of injuries sustained by the plaintiff on the morning of August 3, 1937, as he was leaving the covered entrance to the stairway in the rear of building known as 1678-1680 Park Street, Hartford. As he stepped out of the doorway to the sidewalk, his left foot caught in the broken flagstone adjacent to the step to the

entrance, causing him to stumble, with the result that his left ankle was sprained, necessitating medical attention. The nature and extent of the broken or cracked flagstone is well portrayed in plaintiff's Exhibits B and C. That the plaintiff sustained his injuries in the manner claimed, while denied in his pleadings by the defendant, cannot be very well controverted. Nor can it be questioned that the walk described was common to all the tenants of the building, it being the only entrance to the two tenements over the stores occupying the ground floor, which face Park Street. The walk extended to the sidewalk of Sisson Avenue, which intersects Park Street.

What the duty of a landlord is under the law and circumstances in this case does not admit of any question. "The primary duty of the landlord as to such premises is to use reasonable care to see they are kept reasonably safe. Liability for a breach of that duty will arise only if it appears that the landlord either knew of a defect or was chargeable with notice of it, because had he exercised a reasonable inspection of the premises, he would have known of it." *Newell vs. Weisman,* 113 Conn. 744, 746. The duty resting upon the defendant as to his walk was to use reasonable care to keep it in reasonably safe condition for use by the plaintiff and others having lawful occasion to visit the building. *Reardon vs. Shimelman,* 102 Conn. 383; *Vinci vs. O'Neill,* 103 id. 647.

Many other citations might be given but they are hardly necessary.

The evidence establishes that the broken portion of·the flagstone measured 14 inches in width where it adjoined the wall of the building, and was one foot seven inches long. The depression varied, being approximately seven-eighths of an inch. In any event, it was of such a nature as to cause the plaintiff to catch his toe in it, lurching him forward. There was testimony on the part of Mr. Williams, a civil engineer of extensive experience, that the condition as shown in the photographs had existed for months, and was of a defective and dangerous character.

But the real question in this case is that concerning the claim of the defendant that the plaintiff cannot recover in any event because he has sued only one of the owners of the building; that he must show more than mere ownership; that he must show control in the defendant. The issues joined by the pleadings necessarily require proof that the de-

fendant was in possession or control of the premises in order to sustain the allegations in the complaint that the defendant "permitted and allowed said defective, unrepaired and eminently dangerous or unsafe condition to exist at said place; in that the defendant maintained said walk in said defective, unsafe and dangerous condition; in that the defendant failed to repair the same"; and that the defendant was otherwise "careless and negligent in failing to seasonably repair the same . . "

The complaint alleges that the defendant "was and still is one of the owners of the property known as 1678-1680 Park Street in said town of Hartford, and owned, possessed, controlled, and managed the same," and that "Said sidewalk was in the control and maintenance of the defendant." The ownership of the premises in question was acquired by the defendant and his four brothers and sisters by certificate of distribution dated April 27, 1934. Does this failure to name all the owners of the premises as defendants vitiate this action and prevent a recovery by the plaintiff against this defendant?

In *Reardon vs. Shimelman,* 102 Conn. 383, it was alleged that Shimelman was the owner of the premises in question. Subsequently a stipulation was filed adding two other parties as defendants. The Court said (p. 384): "The evidence shows that the other two persons mentioned in the stipulation were joint owners of the premises with Shimelman, and, lacking any allegation of sole occupancy or particular obligation of oversight upon his part, a question might fairly arise as to the possibility, upon this record, of holding Shimelman alone liable. *Low vs. Mumford,* 14 Johns. (N.Y.) 426; *Baker vs. Fritts,* 143 Ill. App. 465." The Court further said the question was not before it, and it took the pleadings as they were and regarded Shimelman as the sole defendant and owner of the premises in question.

Now in the instant case it appears that the defendant lived in the premises, occupying a tenement on the second floor thereof. Indeed, the employer of the plaintiff had been delivering ice to him for a period of about two months, and it would seem from the evidence that that was what the plaintiff was doing at the time he suffered his injuries. So that while there is no evidence that any of the other owners lived on the premises or exercised any control or management thereof, we do know at least that the defendant lived there.

*Low vs. Mumford,* cited as authority for the statement

quoted from *Reardon vs. Shimelman, supra,* was decided in 1817. It was an action wherein the plaintiff sought recovery of the defendants for erecting and maintaining a mill dam, causing water to flow back on the plaintiff's land. To this the defendants pleaded in abatement on the ground that the dam was erected and mills were owned by them in joint tenancy with others not made parties to the suit. The appellate court held that title was incidental, and that where title to land is directly in question, then all other tenants must be joined, but where the title or ownership was involved only incidentally, then all co-tenants need not be joined. The Court said (p. 428): "Unless the title comes in question, there is no difference, in this respect, in cases arising *ex delicto,* between actions merely personal, and those which concern the realty."

*Baker vs. Fritts, supra,* was decided in 1908, and was a personal injury case wherein it was alleged that the defendant was the owner and in possession and control of certain premises which were allowed to become worn, unsafe and dangerous to users thereof. The plaintiff subsequently amended to the effect that the defendant was one of the owners of the property in question. The allegation concerning possession and control was stricken out. The Court said that a demurrer to the amended declaration to the effect that it was deficient for lack of allegation of possession and control, should have been sustained, but by pleading over it was waived. Such an allegation is of course necessary to an action of this character. The Court continued, however, (p. 469) that: "While it is the rule ordinarily that tenants in common should all be made defendants in an action for negligence respecting the premises owned by them, yet it is not necessary, nor even proper to do so, where the negligence complained of is the act of one in possession or control of the common property. In such case he alone is individually liable for injuries growing out of its unsafe condition. 17 Am. & Eng. Enc. Law 707 and notes."

Now referring to some Connecticut cases, we find *Ziulkowski vs. Kolodziej,* 119 Conn. 230, 232, quoting with approval 45 C.J. 881, to this effect: "Liability for negligence does not depend upon title; a person is liable for an injury resulting from his negligence in respect of a place or instrumentality which is in his control and possession, even if he is not the owner thereof." In other words, possession and control determine the responsible party; title is incidental, and may under

certain circumstances show who is in possession and control.

"Primarily the duty rests upon the landowner to take the steps necessary to provide the protection to which a visitor to the premises is entitled; and this duty continues to rest upon him unless he has surrendered to another control and possession of the portion of the premises where the accident occurred." *Perkel vs. Grayson,* 119 Conn. 465, 469. "The owner of an apartment house is under a duty to use reasonable care to keep the common approaches, halls and stairways in such a building in a reasonably safe condition." Id. 469.

Therefore, even though all the title holders may not be joined as parties defendant, if one of them is in possession, control and management of certain property and he negligently allows a defective condition to arise, he may be individually liable.

But assuming that the defendant's claim that all the title holders must be joined as parties defendant is correct, has not the defense in this case been waived? The defect for non-joinder must be objected to at the proper time. Corpus Juris states that: It is ordinarily too late to raise an objection based upon non-joinder at the close of the plaintiff's evidence or after trial on the merits. 47 C.J. §§ 405, 407, pp. 209, 212.

In Connecticut a plea in abatement does not lie for non-joinder. The defect of parties should be raised before trial. Misjoinder or non-joinder, if relied on in defense, must be pleaded. If objection is not made by demurrer, answer or motion, then it is waived. Gen. Stat. (1930) §§ 5521, 5522; *Montgomery vs. Branford,* 107 Conn. 697, 700; *Cogswell vs. Second National Bank,* 76 id. 252; *King vs. Malone,* 91 id. 342, 345. Therefore, in the present case, even though the defendant's claim might be correct, nevertheless non-joinder may be waived by failing to object; and answering upon the merits the defendant in this case waived the defect of non-joinder. He offered no evidence in defense and raised the point of non-joinder in argument on the merits.

So far, therefore, we have determined that the walk in question was defective, that it had been for months, that the plaintiff was injured by reason of the defective condition, and that it is not necessary to sue all the joint owners where the negligence complained of is the act of one of the joint owners in possession, control and management of the common property, as in such a case he is individually liable for injuries growing

out of its unsafe condition; and further, that the defect of non-joinder may be waived.

But admitting all these factors, has the plaintiff shown that the defendant is in possession, control and management of the property as he has alleged in his complaint? There is no question but that the walk in question is in the control of the landlord. It is a common approach; but that is not the real final issue in the case. This issue is the determination of whether or not the plaintiff has sustained the allegations of his complaint that the defendant, one of the joint owners of the premises in question, was in possession, control and management of the property. The only evidence offered by the plaintiff in this regard is the certificate of joint ownership by the defendant with his four brothers and sisters, and that he lives in one of the tenements. Usually, in a case of this kind, where an owner or owners are sued for a defective condition causing injury to another, there is no question as to who is in control and management of the property, although it may well be, in these hectic days, that the title holders have no control and management of the property at all, in which event a plaintiff is apt to get into difficulty in proving his case against the title holders. Therefore, proof of mere ownership is not sufficient, and certainly not where there are five owners, as in the instant case. It therefore seems to me that proof that the plaintiff is one of the owners, and that he lives in a tenement on the premises is not sufficient, as it may well be that the control and management of the property is in the hands of one of the other joint owners. It seems to me that is the task the plaintiff assumes when he undertakes to hold this defendant responsible for his injuries. I do not believe that I am justified in drawing an inference merely from residence in the property that the defendant was in sole control and management of the property. If he were the sole owner, such an inference might be drawn.

The issues are, therefore, found, and judgment is directed for the defendant.