MARGARET SCORPION *v.* THE AMERICAN-REPUBLICAN, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 10—decided May 17, 1944.

*J. Warren Upson,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellant (defendant).

*William W. Gager,* with whom were *Stephen K. Elliott* and, on the brief, *Edward Mascolo,* for the appellee (plaintiff).

DICKENSON, J.   The plaintiff, a child eight years of age, picked up a wire on an areaway adjoining a public sidewalk and injured her eye with it.   She brought this action charging the defendant with negligence in leaving the wire on the areaway.   A verdict

was rendered in her favor. The defendant appeals from the denial of a motion to set aside the verdict and from the judgment, assigning error in the finding of the plaintiff's claims of proof and in the charge. The jury might have found the following facts:

The defendant is a newspaper publisher in Waterbury. It divided the city into districts where newsboys, hereinafter referred to as "carriers," delivered newspapers from house to house. The defendant through delivery employees left packages of newspapers at convenient depots to be picked up and delivered by the carriers in each district. The packages were bound with a wire with the ends twisted together. The wires were sometimes removed by the carrier and sometimes were cut by the defendant's delivery employee, the papers taken by the carrier, and the wires left. The defendant from time to time sent notices to the carriers warning them not to leave wires and wrappers about where the packages were left in order to prevent accidents and keep the neighborhood clean. On the morning of the day the plaintiff was injured the defendant's delivery employee delivered packages of papers at a so-called depot in front of the premises where the plaintiff lived, the papers to be delivered by two boy carriers. The area between this building and the curb is a cement walk twenty feet wide, five feet of which is the sidewalk proper. A door from the front of the building opens on to a small cement platform. The defendant had been delivering bundles of papers on the areaway for a number of years before the date of the injury. Papers and wires had been left on it frequently and the defendant had been notified of this fact by telephone and personal calls at its office. When the delivery employee left the bundles on the day in question, he "snipped the wires loose off the bundles" and the carriers picked up the

papers and left. The defendant knew it was a common thing for wires to be left about this place and reasonably should have known that children frequented the area. The plaintiff picked up one of the wires shortly after noon to put it in the gutter; it recoiled and she was struck in the eye by a sharp end of it and injured.

The defendant contends that the verdict should have been set aside on the grounds of lack of any evidence that the presence of the wire resulted from the conduct of its agents or that the particular injury was one that was reasonably to have been anticipated. It bases the first claim on the theory that if the wire that caused the injury came off one of its packages it was left there by one of the carriers, all of whom were independent contractors. It rests this contention on certain written contracts between it and its carriers to which we refer more in detail in that portion of the opinion dealing with claimed error in the charge. It is sufficient to say, so far as this motion is concerned, that the contracts alone were not determinative of the question of agency and that upon all of the evidence the jury might properly have found that the carriers were the agents of the defendant as to the removal of wires at the so-called depot. A person may be a contractor as to part of his service and a servant as to another part. *Clough* v. *Malley's Estate,* 126 Conn. 379, 382, 11 Atl. (2d) 398. In the absence of controlling circumstances the question is one of fact. *Francis* v. *Franklin Cafeteria, Inc.,* 123 Conn. 320, 326, 195 Atl. 198. The written contracts were not such a controlling circumstance.

As to the defendant's claim that, whether or not it was responsible for the presence of the wire, there was no reasonable foreseeability that it would inflict the injury it did, this was primarily a question of fact for the jury and unless their conclusion was one which

they could not reasonably reach it may not be disturbed. *Burns* v. *Metropolitan Distributors,* 130 Conn. 226, 228, 33 Atl. (2d) 131; *State* v. *Chin Lung,* 106 Conn. 701, 705, 139 Atl. 91. The defendant in argument compares the wire to a matchstick or twig which a child might as readily pick up as a wire. An examination of the wire in evidence and observation of its use in argument before us support the jury's conclusion of the likelihood of its inflicting the injury it was found to have caused. Its curve and spring and sharp ends warn that it must be handled with care. The defendant makes the point that, while there had been one or two instances where persons tripped or their legs were scratched by such a wire, there was no reasonable foreseeability that it would be picked up and so cause the injury it did. The defendant can hardly mean that it would reasonably be expected that the wire would be left lying there. The jury might reasonably have found that the defendant reasonably should have foreseen from past experience and warnings that the carriers would not pick it up and that someone would pick it up to remove it. In picking up the wire it was not to be expected that a child would use the care of an adult. *Schrayer* v. *Bishop,* 92 Conn. 677, 680, 104 Atl. 349. One is required to use greater care where the presence of children is reasonably to be expected. See *Wolfe* v. *Rehbein,* 123 Conn. 110, 114, 193 Atl. 608. The test is: "Would the ordinary [prudent] man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 Atl. (2d) 402; *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 Atl. (2d) 879. We may not say that the jury could not justifiably have found that the defendant should have anticipated, under the circum-

stances, harm of the general nature of that suffered by the plaintiff. The trial court was not in error in refusing to set the verdict aside on this ground.

The defendant further claims that the verdict of $15,000 should be set aside as excessive. The plaintiff has practically lost the use of her injured eye. She cannot get binocular vision with glasses. Further, it appears there was a secondary effect, perhaps more important. This the trial court recognized, pointing out to the jury that the loss of the sight itself was not alone involved but also the suffering of mind that might reasonably be attributed to the condition which would exist throughout the plaintiff's life. In support of this, there was evidence of definite behavior changes in the child as a result of the injury. The judgment of the trial court in refusing to set aside a verdict should be given great weight. *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335, 337, 194 Atl. 726. The fact that it might have ordered a remittitur and did not is of further significance. Apparently judge and jury, with the whole picture before them, were agreed that the sum was fair compensation for the mental and physical suffering and disability the plaintiff had experienced and would experience. The court was not in error in denying the motion to set aside the verdict.

The defendant is entitled to no material change in the plaintiff's claims of proof, which substantially follow the statement of facts above. The assignments of error pursued in the defendant's brief in regard to the charge are that the trial court erred in submitting the question of agency to the jury and in its instructions on that subject; in submitting to the jury the question of whether the leaving of the wire on the areaway was negligence and in its instruction in respect to this; and in permitting the jury to consider

the allegation that it was negligence to use the wire as a binder for its packages. The defendant also claims error in the court's failure to charge in accordance with its requests as to these matters. In the requests the defendant asked for a specific charge that the carriers were not agents of the defendant, that it was not liable for the manner in which it bound its packages and that, since it could not be found that the leaving of the wire would have a natural tendency to produce the injuries, the jury could not find the defendant negligent. This, obviously, was asking the court to direct a verdict for the defendant.

As to the instructions given on these subjects, the charge must be tested by the claims of proof and the issues presented by the pleadings. *Boiselle* v. *Rogoff,* 126 Conn. 635, 638, 13 Atl. (2d) 753. The complaint alleges, in substance, that the defendant was negligent in that it, or its agents and employees, delivered on the areaway bundles of newspapers which it had bound with wire, cut the wires and left them where it reasonably should have known children were accustomed to play and would be injured by them. The answer was a general denial. The defendant's claims of proof were that its delivery employee did not cut the wire; that no wires were left on the areaway; that the wire alleged to have caused the injury was not one of its wires; that the carriers were not its agents nor did they leave any wires on the areaway; and that the wire in question was not dangerous.

The defendant was a corporation and necessarily conducted its business through representatives. It was necessary for the court, as it did, to charge on agency. The defendant's main objection to the charge as given is that the court failed to construe the written contract between it and its carriers which it claims, properly construed, would show that its carriers were

independent contractors, and as such responsible for the presence of any wires that were there. The action is brought by one using a public walk because of injuries suffered by reason of the presence of an object thereon, deposited by the defendant but which it claims others had agreed to take away. Agency as regards a third party may not be determined alone, in this case, by the contracts between the defendant and its carriers. These established a certain business relationship between the parties not solely determinative of the question of agency here involved. They contained no provision as to delivery of the papers or their condition when delivered. They defined a carrier as one who purchased papers and made deliveries on a specified route and who was to pay for all copies he procured not later than the Saturday night of the week in which he received them. The contracts could not be given the legal effect, claimed for them by the defendant, that they were conclusive of the fact that the carriers were independent contractors as to the incident in question. This was a question to be determined from all of the circumstances surrounding the incident bearing on the matter of control. All that the trial court could charge in relation to the contracts was that the relationship established by their terms was one of the circumstances to be considered, and this it did. It charged upon the law of agency generally and stated that the essential factor in agency was the right to direct and control the performance of the work by the agent. It referred to the contract and instructed the jury that the question was whether, in the business and relations between the parties, the defendant had the right to direct and control the boys in what they should do when they picked up the bundle of newspapers at the corner, removed the papers from the wire and set out to deliver to their cus-

tomers. The charge was adequate and in accordance with the law. *Ross* v. *Post Publishing Co.*, 129 Conn. 564, 567, 29 Atl. (2d) 768.

The only other claim that warrants discussion is that the court should not have submitted to the jury the possible ground of liability that the defendant was negligent in binding its packages with the wire. The claim is without merit, since the court's final instruction dealing with this matter was to the effect that the only negligence which could support a verdict for the plaintiff would be negligence in leaving the wire on the sidewalk.

There is no error.

In this opinion BROWN and JENNINGS, Js., concurred.

MALTBIE, C.J. (dissenting). I am unable to agree with so much of the opinion as holds that upon the evidence the jury could have reasonably found the carriers to have been agents of the defendant.

In this opinion ELLS, J., concurred.