LUDWIG MAITZ *v.* MARYANNA LULEWICZ

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 4, 1946—decided February 5, 1947

*Leo Gaffney,* for the appellant (defendant).

*Andrew S. Aharonian,* for the appellee (plaintiff).

ELLS, J. The plaintiff, a tenant in a third-floor apartment of a six-tenement house owned by the defendant, fell down an unlighted common stairway leading from the second to the first floor and was injured. In this action to recover damages he alleged that the hallway was absolutely dark and was dangerous and hazardous for use, that when he reached the top of the stairway leading to the first floor he searched for a light switch located on the wall about four steps below the top of the stairway, and that because the hallway was dark he lost his balance and fell. The defendant denied negligence on her part and pleaded that the plaintiff was guilty of contributory negligence and that he had assumed the risk. Judgment was for the plaintiff, and the defendant has appealed.

The basic conclusions of the trial court were that the plaintiff's injuries were sustained as a result of the defendant's failure to use reasonable care to see that the stairway on which the plaintiff fell was properly lighted, and that the defendant therefore did not comply with the requirements of § 2566 of the General Statutes. The defendant's principal claim is that the subordinate facts found do not reasonably support these conclusions.

The finding has not been attacked. The plaintiff had been a tenant of the building for nine years. For about six and one-half years of that time, the owner had placed the lights on the stairway in the control of a tenant whose duty it was to see that they were kept lighted. When the defendant pur-

chased the property about two and one-half years before the accident, she required the tenants to use the rear entrance and stairway, admonished them not to use the front entrance and stairway, and not only made no arrangement or provision to keep the front stairway lighted at night but instructed the tenants that they were not to turn the lights on. The front door was usually kept locked by the defendant, who occupied an apartment on the first floor. A severe snowstorm on the night of the plaintiff's fall made it impossible for him and the other tenants to use the rear entrance, and the defendant unlocked the front door so that they could enter. She knew that the tenants were using the front entrance. There is no finding that she made any arrangements to see that the stairway was lighted.

The plaintiff came home from work at 6 p.m., entered through the front door and, finding the hallway dark, switched on the light as he proceeded up the stairs. At 8:15 he left his apartment carrying a three-gallon can to go down the front stairways to the cellar to get range oil. The hallway was dark, and as he reached the second floor he leaned over to turn on a switch located about thirty inches from the edge of the hallway floor, lost his balance and fell down the stairway. The front hallways and stairways were unlighted when the plaintiff entered the premises at 6 o'clock, again between 6 and 7, when it was necessary for another tenant to descend to the cellar, again, but momentarily, at 7:40, and again at 8:15 when the plaintiff was injured.

Section 2566 of the General Statutes provides that "The owner of each tenement house shall provide for the lighting of all public halls at night." We have interpreted it as placing upon the landlord the duty

of using reasonable care and diligence to provide for the lighting of public halls and to keep the lights in operation. *Iudica* v. *DeNezzo,* 115 Conn. 233, 238, 161 A. 81; *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335, 336, 194 A. 726. Whether under all the circumstances shown by the finding in the present case the defendant was guilty of a breach of that duty was a question of fact for the trial court. Its determination of that question in favor of the plaintiff is reasonable and must stand. *Iudica* v. *DeNezzo,* supra, 238; *McNulty* v. *Sherman Realty Corporation,* supra, 337.

One of the conclusions stated by the trial court was as follows: "In view of her attitude and policy regarding lighting of the lights by the tenants, the defendant was under a duty to be particularly vigilant and watchful to see that the lights were turned on and to insure against their being turned off." The duty of a landlord is only to use reasonable care to keep the stairway lighted. If this conclusion meant that the court held the defendant to a higher standard of care, it was erroneous. See *Tuckel* v. *Hartford,* 118 Conn. 334, 338, 172 A. 222. It is apparent, however, that the court was applying the correct standard of reasonable care but held that under the circumstances of this case reasonable care required the high degree of care it stated. See *Brown* v. *New Haven Taxicab Co.,* 93 Conn. 251, 254, 105 A. 706; *Walters* v. *Hansen,* 99 Conn. 680, 682, 122 A. 564; *Heimer* v. *Salisbury,* 108 Conn. 180, 183, 142 A. 749. The facts reasonably support the conclusion of the trial court that this high degree of care was required. The word "insure," contained in the quoted conclusion was not aptly chosen, but the court evidently meant no more than that the de-

fendant was bound to use the high degree of care it stated to guard against the lights being turned off.

The defendant further claims that in the absence of knowledge that the lights were out she cannot be held liable. The trial court concluded that the defendant knew, or should have known, that the front hallway was not properly lighted. If the defendant should have discovered the situation had she been properly watchful it would suffice. *Vinci* v. *O'Neill*, 103 Conn. 647, 657, 131 A. 408; *Newell* v. *Weisman*, 113 Conn. 744, 746, 156 A. 886.

The defendant claims that the plaintiff was guilty of contributory negligence as a matter of law. The contention appears to be that he was carrying an oilcan when he left his apartment, that in the absence of any further finding it is a fair inference that he had it in his hand when he leaned out over the stairs to turn the switch, and that it caused him to lose his balance and fall down the stairs. The defendant alleged contributory negligence and had the burden of proving it. She did not attack the finding and as it now stands it affords no reasonable basis for the claim. In any event, this is a good example of the type of case which, as we have consistently held, presents a question of fact for the trier.

The defendant claims that, as the plaintiff had been a tenant of the building for nine years and the position of the switch had remained unchanged during that time, he assumed the risk of injury arising out of his attempt to turn it on. He seeks to distinguish the case of *L'Heureux* v. *Hurley*, 117 Conn. 347, 357, 168 A. 8, in which we held that a plaintiff cannot be held to have assumed a risk which has its basis in the violation of a statutory requirement en-

acted for his protection. So far as the risk of injury was inherent in the failure to light the stairway, that case is controlling, and we have no need to inquire whether the principle enunciated in it would extend to the risk which arose out of the plaintiff's attempt to turn on the switch. While it is implicit in the finding that the plaintiff knew that there was a switch on the wall near the top of the stairway, there is no finding that he had ever used it before or had any definite knowledge of its exact location. Assumption of risk is a defense which must be specially pleaded; *French* v. *W. W. Mertz Co.*, 116 Conn. 18, 21, 163 A. 457; and the burden of proof is on the defendant. The trial court might have thought it not improbable that the plaintiff, not being familiar with the precise location of the switch, lost his balance in groping for it in the dark, and concluded that the defendant had not proved that the plaintiff had such an appreciation of the risk involved in attempting to turn it on as would constitute an assumption of it. *Freedman* v. *Hurwitz,* 116 Conn. 283, 287, 164 A. 647; see *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 A. 261.

There is no error.

In this opinion the other judges concurred.