ROLLAND JONES *v.* HILLE PERLSTEIN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 4, 1951

*Joseph E. Klau* and *David M. Shea,* with whom, on the brief, were *John M. Bailey* and *Alfred F. Wechsler,* for the appellant (defendant).

*Neil F. Murphy,* with whom, on the brief, was *Anthony J. Rich,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff brought this action to recover damages for personal injuries alleged to have been caused by the defendant's negligence. The court rendered judgment for the plaintiff and the defendant has appealed.

The finding, in so far as it is essential to a decision of the case, is not subject to correction. It recites the

following facts: For a long time prior to May 4, 1948, the defendant was the owner and operator of a lodging-house in Bristol. On that date the plaintiff was one of his lodgers, occupying, as he had been doing for some time, a room on the third floor of the building. The room opened off a small hallway slightly more than three feet square. The floor of this hallway was seven-eighths of an inch lower than that of the adjoining landing of the stairway to the second floor. This difference in floor levels had existed for a long time and was a source of danger to a person coming out of the plaintiff's room.

Beyond the landing, the main hallway led past the bathroom used by the third-floor lodgers. This hallway ran at right angles to the small hallway and landing. To get from his room to the bathroom, the plaintiff had to open his door inwards, go out into the little hallway, turn to his left, step over the abrupt rise of seven-eighths of an inch and proceed across the landing, with the stairway to the second floor on his left, and across the main hallway to the bathroom door.

An electric fixture equipped with a fifteen-watt bulb was located in the ceiling of the main hallway on each floor directly over the stairway connecting the floors. The light from each fixture illuminated only the hallway in which it was located. About 5:30 a. m. on May 4, 1948, the plaintiff left his room to go to the bathroom. At that time there was no artificial light since the bulb in the fixture had burned out. Nor was there any natural light to illuminate the passageways. As the plaintiff was proceeding with care, he stumbled against the rise or ledge in the floor and fell down the adjacent flight of stairs. He sustained injuries which hospitalized him for twenty-five days.

The bulb in the fixture on the third floor was lighted at 4:30 p. m. on May 3. It is not known how long be-

fore the plaintiff started from his room it had burned out. The defendant's clerk was on duty in his office on the first floor until 11:30 p. m., but he received no notice that the light in question was out.

One of the court's conclusions was that the defendant was negligent in failing to use reasonable care to keep the hallway on the third floor in a reasonably safe condition. The defendant directs his attack mainly against this conclusion. He construes the complaint as setting up but one specification of negligence. The allegation to which he refers recites that the defendant "failed to keep said landings, hallways, and stairways in said lodging house lighted in accordance with Statute Law of this State." Even if we assume that the defendant, as a lodginghouse owner, was burdened with any statutory duty to use reasonable care to provide light for common passageways, the plaintiff could not recover on that ground since the duty was not shown to have been violated. When a serviceable bulb, inserted in an electric fixture to provide adequate light, has subsequently burned out, liability based on a failure to exercise reasonable care, whether required by statute or common law, can be imposed only if the landlord knew or in the exercise of a reasonable inspection should have ascertained that the light was out and thereafter failed within a reasonable time to remedy the situation. *Ballou* v. *Jewett City Savings Bank,* 128 Conn. 527, 530, 24 A. 2d 260. The foregoing principle would be applicable to relieve the defendant from liability if the sole ground of claimed negligence lay in a failure to provide adequate light. This would necessarily follow since the defendant was not chargeable with either actual or constructive notice of the burned-out condition of the bulb.

The complaint, however, contained a second specification. It alleged that the defendant was negligent

"in that he maintained said landing in a dangerous condition." The court found that the difference in the floor levels of the small hallway and stair landing presented a dangerous condition for a person coming out of the plaintiff's room. The condition consisted of an abrupt rise of almost an inch against which he might stub his toe or trip at a place in close proximity to the descending flight of stairs. The condition existed whether the light was on or off. To be sure, it was less dangerous when illuminated, but it nevertheless was dangerous. The court was fully warranted in concluding that the maintenance of this structural condition, rather than the absence of artificial light, was negligent conduct on the defendant's part which proximately caused the plaintiff's injuries.

The defendant also attacks the further conclusion of the court that the plaintiff was free from contributory negligence. The burden of proving contributory negligence rested on the defendant. General Statutes § 7836. The question was one of fact for the trier to decide. Its conclusion may not be disturbed in the case at bar.

There is no error.

In this opinion the other judges concurred.