## Anna Rio *v.* Santo Rio

Superior Court      Hartford County      File No. 108514

Memorandum filed February 29, 1960

*DiLoreto, Karanian & Dawson,* of New Britain, for the plaintiff.

*Ericson, Politis & Gleason,* of New Britain, for the defendant.

BORDON, J. The plaintiff's complaint and other pleadings were far from perfect and necessitated several amendments. It is bad practice to offer amendments just before and during the trial of a case. The court's discretionary powers are severely taxed in such a situation. On the question of injuries, it appeared that after a disclosure had been filed by the plaintiff in which the extent of the injuries was narrated, it was found that the plaintiff required surgery and a back fusion not theretofore discovered. The plaintiff should have sought an amendment to the complaint more promptly. In any event, the court suggested to defendant's counsel that if he was taken by surprise, the case would not be tried until he had an opportunity for a medical examination and other preparation necessitated by the allowance of the amendment. Counsel did not avail himself of the court's offer but preferred to proceed. As a matter of fact, the defendant was not taken by surprise as to the claimed additional injuries. He was aware of them but resisted permission to file the amendment solely on the ground that the plaintiff should be limited to the injuries set out in her disclosure. As the trial proceeded, it became obvious to the court that serious injustice to the plaintiff would result if the permitted amendments were disallowed. In the exercise of its discretionary powers, the court allowed the amendments in order that justice should prevail. *Marchand* v. *New York, N.H. & H.R. Co.,* 146 Conn. 599.

Regardless of what the plaintiff intended when she brought her suit, it became obvious during the trial that the liability of the defendant was controlled by § 19-346 of the General Statutes, which provides that the owner of each tenement house shall provide for the lighting of all public halls at night. Section 19-342 defines a tenement house as any house or building, or portion thereof, which is rented,

leased, let or hired out to be occupied, or is arranged or designed to be occupied, or is occupied, as a home or residence of three or more families, living independently of each other and doing their own cooking upon the premises, and having a common right in the halls, stairways or yards.

The evidence proved conclusively that the property occupied by the plaintiff, as a tenant, was a three-family house occupied by three separate families. It was, therefore, incumbent on the defendant to provide lighting of the halls. This he failed to do. The lighting he provided did not meet the statutory requirements. He had a switch at the entrance to the first hall which lighted the hall, but did not sufficiently light the stairway leading to the second floor which had to be used by the plaintiff in order to reach her third-floor apartment. On the night in question, this light was out. The plaintiff could have turned it on by using the switch, but this would only have lighted the hall and not the stairway. The second-floor light was at the top of the stairway and was lighted by pulling a chain. This light operated on the meter of the second-floor tenant. When this light was on, it lighted the first stairway, but did not throw sufficient illumination to light the second stairway. On the night in question, this light was also out. A defendant's witness, Mrs. Derosier, testified that she had turned on this light on the night of the accident, but the court does not believe her and does not accept her testimony as credible evidence. The defendant also testified that he had turned on the first hall light on the night in question, but his testimony is far from credible and not accepted by the court. The second stairway light is also operated by a chain, which is so located that a person trying to turn on the light must first reach a step beyond the chain and then reach backward for the chain. The plaintiff and her husband had many times com-

plained to the defendant and his wife about the inadequate lighting system for the halls and stairways and the defendant promised to change the system so that it would operate from one switch to be located in the first-floor hall. This was actually accomplished after the accident.

The plaintiff worked with her husband in the latter's restaurant, and usually came home with him at about 1:30 in the morning. On the night in question, she returned about that time and was let out of her husband's car, and while he parked the car she entered the hall and began ascending the stairways to reach her apartment. All the halls and stairways were in complete darkness. As she reached near the top of the second stairway, she raised her arm to find the chain to turn on the light, and as she was groping for it, she fell backward down the entire stairway and was seriously injured.

In the opinion of the court, the defendant failed to exercise reasonable care and diligence to provide for the lighting of public halls and to keep the lights in operation. *Maitz* v. *Lulewicz,* 133 Conn. 355, 357. The defendant had notice that the lights were out much of the time, and most of the time, if not turned on by the tenants. It was his duty, as landlord, to exercise reasonable care to make his premises reasonably safe for his tenants. *Iudica* v. *DeNezzo,* 115 Conn. 233. His failure to provide lighting constitutes a breach of duty on his part, and his failure to keep the lights in operation during the night represents a failure to exercise reasonable care. The presence of unlighted fixtures does not constitute compliance with the statute nor exercise of reasonable care. *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335. The mere presence of a lighting fixture in each of defendant's hallways, connected with the wiring of the adjoining apartment and controlled

by the tenant at his option and expense, was not a compliance with the requirements of the statute. *Gibson* v. *Hoppman,* 108 Conn. 401.

Under all the circumstances of this case, there is no room for doubt that the defendant defaulted in his required duty and was negligent. It is claimed, however, that the plaintiff is precluded from recovering in this case because she was herself contributorily negligent and that she assumed the risk of existing dangers.

The plaintiff had been a tenant in this building for fifteen years. All during this period, the lighting was bad and she and her husband continuously complained to the landlord or to his wife, who communicated the complaints to him. She had to use the stairways to get to her apartment and she had to resort to lighting the second stairway by pulling the chain, which was located in a dangerous place. The only light that she could turn on without reaching for the chain was the first-floor hall light, operated by a switch. But even if she had done this, it would not have illuminated the first or second stairway. On the basis of the evidence before the court, it cannot be found that she was negligent. It must be concluded that she acted as a reasonably prudent person under the circumstances. The fact that she lived in her apartment for fifteen years under the same lighting conditions does not constitute a waiver of the duty owed by the defendant. The plaintiff cannot suspend the law by waiver. She had a right to presume that the defendant would obey the law. If this were otherwise, it would be possible for a landlord to notify his tenants of his intention not to light the public halls and stairways, and, though he would be liable to penalty in an action by the state, he could thus defeat action by any tenant who, continuing to reside in such tenement for a substantial period of time, suffered injury proximately caused

by such act of the landlord. *L'Heureux* v. *Hurley*, 117 Conn. 347, 357.

Both the question of contributory negligence and of assumption of risk are fully discussed in the *L'Heureux* case, supra, beginning on page 353. It was there urged by the defendant that the principle of assumption of risk should be extended beyond mere structural defects—should be extended to all defects of which the person injured had such knowledge that he may be assumed to have waived the obligation of the person responsible for the defect. Such a waiver constitutes a relinquishment of a personal right. One may waive a personal obligation of another to the one waiving. One cannot waive an obligation owed by another to the public. *L'Heureux* v. *Hurley,* supra, 355. The plaintiff in this case used the unlighted stairway for fifteen years, but all during that period complained of the condition to the landlord. To say that she assumed the risk would transfer the obligation of the landlord to her and free the landlord from compliance with his statutory duty. Where a statutory duty exists, the doctrine of assumption of risk is not available as a defense, and it does not apply at all where the injury arose from a direct breach by the defendant of a statutory obligation. *L'Heureux* v. *Hurley,* supra, 356, 357. Assumption of risk may not be set up as a defense by a landlord who has violated his statutory duty.

The defendant's brief argues well, but many of the claims are based upon facts not present in this case. For instance, it is claimed that because the second stairway led only to the plaintiff's apartment, it was part of the premises demised to her and not under control of the landlord, and the case of *Martel* v. *Malone,* 138 Conn. 385, is cited as authority for this claim. The *Martel* case presented a disputed question of control of a stairway in a two-family dwelling. It did not come within the tenement house

act, as does this case. The *L'Heureux* case, supra, 352, holds that even if the stairway leads only to the tenant's apartment, it is still to be regarded as a public stairway to be lighted by the landlord if three or more families occupy the house. Section 19-342 of the General Statutes defines a public hall to be a corridor or passageway not within the apartment. The hallway of each of the floors, which in this case is the stairway, is a public hall within this definition, and the provision for lighting is applicable thereto. *Gibson* v. *Hoppman,* 108 Conn. 401, 404.

The case of *Freedman* v. *Hurwitz,* 116 Conn. 283, is cited by the defendant in support of his claim of assumption of risk. If anything, this case supports the view that there was no assumption of risk in this case. There was no way that the plaintiff could escape from the danger unless she vacated her apartment, and no law requires her to do that. She had a right to continue to use the stairway to reach her apartment, and the right to expect the defendant to carry out his statutory duty.

The specifications of negligence in paragraph 7 of the complaint are badly set forth. Paragraph 4 does set forth inadequate lighting. None of the allegations accord completely with the irrefutable evidence that the halls and stairways were in complete darkness on the night in question and that the defendant had notice thereof. An additional amendment should be filed by the plaintiff to allege an additional specification of negligence that there was no lighting of the halls and stairways as required by § 19-346. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639; *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460.

The plaintiff suffered serious injuries which ultimately resulted in the removal of two herniated discs. It was found that the removal of these discs did not solve the plaintiff's problems, and that a back

fusion had to be done, and that even at this time, the fusion is not secure and that further surgery may be required. It is true that previous to the accident the plaintiff had some back trouble. This, however, was not serious and did not involve the discs. It was testified by responsible and reputable physicians that her injuries resulted from the fall on the stairway. Her total medical and hospital bills amounted to $4087.25. She now has a permanent partial disability of 25 per cent and a life expectancy of 32.01 years. She claims to have lost wages, but this item is disallowed because she worked for her husband, whose payments to her were for household expenses. She has suffered, and will continue to suffer, a great deal of pain and mental anguish.

The defendant's claims that the plaintiff's previous ailments caused the herniated discs and need for fusion are not supported by medical testimony. Certainly, a fall down a flight of stairs did not do her back any good, and if her pre-existing condition was so aggravated by the accident that surgery became necessary, the defendant is answerable for injuries and aggravations resulting from the accident. The court is making no allowance for her pre-existing ailments. However, the defendant takes the plaintiff as he finds her, and, if because of those pre-existing ailments, the consequences of her accident are more serious, the defendant cannot escape liability for them if it has been established, as was done in this case, that there is a causal relation as a fact and not as a matter of conjecture. *Boland* v. *Vanderbilt,* 140 Conn. 520, 525.

The issues are found, and judgment may enter, for the plaintiff to recover from the defendant the sum of $15,000 and costs on the first count. The evidence failed to establish the existence of a nuisance, and claims under the second count are disallowed.