MABEL CRICCA *v.* ANDREW BOSAK ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 5—decided October 28, 1965

*Anthony V. DeMayo,* with whom, on the brief, were *Edward W. Cohen* and *John B. Dillon,* for the appellants (defendants).

*Bronislaw Winnick,* with whom was *Herbert S. Savitt,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, a third-floor tenant in a three-story tenement house owned by the defendants, sustained extremely painful, severe and incapacitating injuries in a fall on May 15, 1956, while she was ascending the lower of two flights of an exterior common stairway leading from the ground to the third floor. In the trial to the court, liability was imposed on the defendants because of their violation of § 4053 of the 1949 Revision (now General Stat-

utes § 19-346) in that they failed to provide and keep in operation during the night adequate lighting for the common stairway under their control. See *Wade* v. *Yale University*, 129 Conn. 615, 617, 30 A.2d 545.

The plaintiff's mishap occurred shortly before ten o'clock in the evening. It was dark and foggy. The stairway was in darkness. It was the only means of access to the plaintiff's apartment. The plaintiff slipped on a round object on the fourth or fifth tread from the bottom. There was no illumination on the stairway to make the object visible. There was a light bulb over the door leading to the defendants' apartment on the second floor and another bulb over the door of the third-floor apartment, but they were not lighted. These lights were controlled from switches on the rear wall of the building at the ground floor level near the stairway. The plaintiff knew of the switches but did not use them. The defendants' building contained four apartments for living quarters. The court concluded that it was a tenement house as defined in what is now General Statutes § 19-342.

The only claims of law advanced by the defendants in the trial court were that the lights furnished by the defendants and subject to the plaintiff's control were a sufficient compliance with their statutory duty and that the plaintiff was contributorily negligent in failing to use those lights. The attempt to raise, upon appeal, the additional claim that the exterior stairway is not a public hall under the Tenement House Act is of no avail. That claim should have been made in the trial court. Practice Book §§ 652, 223; *Whitney Theatre Co.* v. *Zoning Board of Appeals*, 150 Conn. 285, 289, 189 A.2d 396. In addition, no error was assigned to the findings that

the building was a tenement house and that the stairway in question was a public hall.

The statute, § 19-346, which requires a landlord to provide for the lighting of all halls, corridors and passageways which are not within an apartment, is mandatory and not permissive. General Statutes § 19-342. The mere presence of lighting fixtures, such as those supplied by the defendants, is not enough. *Gibson* v. *Hoppman,* 108 Conn. 401, 404, 143 A. 635. The landlord must also use reasonable care and diligence to keep the lights in operation; *Iudica* v. *DeNezzo,* 115 Conn. 233, 238, 161 A. 81; *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335, 336, 194 A. 726; and use care, commensurate with the particular circumstances, to guard against the lights being turned off. *Maitz* v. *Lulewicz,* 133 Conn. 355, 358, 51 A.2d 595. As the defendants are not entitled to any correction in the finding which will advantage them, the question of the breach of their statutory duty became a question of fact for the trial court, and its determination will not be disturbed. *Maitz* v. *Lulewicz,* supra.

The issue of the alleged contributory negligence of the plaintiff because she failed to turn on the lights before going up the stairs presented a question of fact for the trier. Reasoning minds might differ in their evaluation of such a situation. Where it is the duty of the owner to light a dark stairway, a user is not required to obtain a light at his peril. *L'Heureux* v. *Hurley,* 117 Conn. 347, 359, 168 A. 8. The conclusion that the defendants had failed to sustain their burden of proving that the plaintiff was chargeable with contributory negligence which was a proximate cause of her injuries is not erroneous as a matter of law. *Jones* v. *Perlstein,* 138 Conn. 381, 385, 85 A.2d 254.

The court assessed the plaintiff's damages at $25,000. The defendants claim this amount to be excessive. This claim is captious, and we see no reason for giving a detailed recitation of the plaintiff's injuries, incapacity, suffering, repeated hospitalization, successive operations, loss of earning capacity, permanent disability and medical expenses.

There is no error.

In this opinion the other judges concurred.