W. WITMARK & SONS, Appellant, *v.* HALL-BERWIN CORPORATION, Respondent.

*Witmark & Sons* v. *Hall-Berwin Corp.,* 180 App. Div. 933, affirmed. (Argued February 27, 1918; decided March 19, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 23, 1917, which affirmed an order of Special Term granting a motion by defendant for judgment in its favor upon the pleadings. This action was brought to recover damages for the conversion of certain music plates, dies and cuts. The complaint alleged that the defendant was a corporation engaged

in the management of buildings, and it undertook, among other things, to perform the services and functions usually performed by janitors; that the plaintiff was engaged in the music publishing business and for that purpose occupied and used the building at 144 West Thirty-seventh street, in the borough of Manhattan, city of New York. In connection with its business, the plaintiff kept in said building a valuable stock of music plates, cuts and dies; that the plaintiff entered into an agreement with the defendant whereby the defendant undertook the management and operation of plaintiff's building; that among the duties assumed by the defendant under said contract were the operation of the heating apparatus, elevators and other machinery used in the operation of said building, to keep the entire building thoroughly clean and to render in and about the said building the services usually performed by a janitor; that the defendant selected and appointed as the servant through whom it undertook to perform such duties of a janitor one Oliver Johnson who was dishonest, improper and an unfit person to be trusted with the functions of a janitor of said building and with access to the plaintiff's property therein; and that said Johnson, while he was acting for the defendant as its agent or substitute in exercising said functions of a janitor of the said building and while he had access to plaintiff's property in said building by virtue of such employment, stole from said building a number of plaintiff's music plates, cuts and dies.

The following question was certified: " Does the complaint state facts sufficient to constitute a cause of action? "

*Nathan Burkan* for appellant.

*Selig Edelman* for respondent.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDE-BACK, CARDOZO, POUND and ANDREWS, JJ.