PEARSON, Chief Judge.
Belmar, Inc., occupies a portion of a building. The remainder is occupied by a third party which employed Dixie Building Maintenance, Inc., to maintain only its portion of the building. Belmar and Dixie had no contract for maintenance or cleaning. The portion Belmar occupies was separated from the third party’s portion by a partition wall which ended a few feet from the ceiling. Investigators hired by Belmar intercepted employees of Dixie in the act of stealing Belmar’s goods. Dixie’s employees had come to the building to clean the third party’s premises and had gained access to Belmar’s premises by climbing over the partition wall. Belmar filed a complaint against Dixie alleging, among other things, that:
“7) The Defendant corporation knew or should have known of the activities of its employees and would have known of the activities of its employees had proper supervisory control been exercised over the employees pursuant to their cleaning contract at the premises.
“8) As a direct and proximate cause of the Defendant corporation’s failure to maintain proper supervisory control over their employees and through the negligence of the Defendant corporation in supervising the employees at their cleaning assignments at the premises, inventory of BELMAR, INC. was removed from the portion of the premises occupied by BELMAR, INC., contrary to their wishes and desires, to the extent of $9,135.42.”
Dixie’s motion to dismiss the complaint was granted without leave to amend. This appeal by Belmar followed.
The appellant states its claim is based on the alleged negligence of the appellee. An indispensible element of actionable negligence is the existence of a duty towards the injured person on the part of the person charged with negligence. 23 Fla.Jur., Negligence § 9; 38 Am.Jur., Negligence § 12; 65 C.J.S. Negligence § 4(1). The duty owed is determined by the risk which is reasonably forseeable. Palsgraf v. Long *281 Island R.R. Co., 248 N.Y. 339, 162 N.E. 99, 100, 59 A.L.R. 1253 (1928).
The cases dealing with the question of a master’s tort liability for theft by his servant are collected and discussed in an annotation at 15 A.L.R.2d 829-861 (1951). Those cases suggest that a master will be held liable for theft by his servant in any of the following situations: (a) the theft was committed in the scope of the servant’s employment; (b) the master ratified an act of theft committed outside the scope of the servant’s employment; (c) the master was negligent in hiring or retaining the servant; (d) the theft is “in and of itself a violation of some duty the master had assumed towards the person injured, but which the master had undertaken to perform through the servant”; (e) the master is an innkeeper. 15 A.L.R.2d at 832, 833. Category (d) applies to masters who are bailees. 15 A.L.R.2d at 832.
Our examination of the cases cited in the annotation and of the principles (including a, b, and c above) stated in 35 Am.Jur., Master and Servant § 567, convinces us that we must affirm the final order appealed from. Section 302B, Second Restatement of Torts, does not change our opinion. See Comment e thereto. Compare § 213, Second Restatement of Agency.
The most pertinent case discussed in the annotation is W. Witmark & Sons v. Hall-Berwin Corp, 223 N.Y. 576, 119 N.E. 1086 (1918). The complaint there alleged essentially that the defendant corporation undertook to perform for the plaintiff company the services usually performed by janitors; that the defendant had hired a dishonest person as its agent for performing the functions of a janitor; and that the agent while in the scope of his employment stole goods belonging to the plaintiff. Chief Justice Hiscock and Justices Chase, Collin, Cuddeback, Cardozo, Pound, and Andrews concurred in a per curiam memorandum which (1) affirmed an order granting the defendant judgment on the pleadings and (2) negatively answered the certified question whether the complaint stated facts sufficient to constitute a cause of action. Since the case held that the complaint of a plaintiff who had a cleaning and maintenance contract with the defendant did not state a cause of action, it is persuasive authority for a holding that the complaint of a plaintiff who does not have a contract with the defendant does not state a cause of action.
The most persuasive principle in 35 Am. Jur., Master and Servant § 567 is: “[a master] may not be held liable [for the tortious act of an employee which amounts to a crime] on the theory that he ought to have foreseen or anticipated that the employee would commit the criminal act, and provide against the possibility of its commission.” This principle coupled with the Palsgraf definition of “duty” demonstrates that the appellant’s complaint failed to allege the existence of a duty owed to the appellant by the appellee and thereby failed to state a cause of action. For the foregoing reasons we hold that the trial court was correct in dismissing the appellant’s complaint.
Affirmed.