WILLIAM F. MCLAUGHLIN, ADMINISTRATOR (ESTATE OF EURA D. MCLAUGHLIN) *v.* CHICKEN DELIGHT, INC.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 10, 1972—decided February 6, 1973

*John J. Reid,* for the appellant (plaintiff).

*Peter J. Preisner,* with whom, on the brief, was *Robert C. Danaher,* for the appellee (defendant).

BOGDANSKI, J.  This is an action in four counts to recover damages for the death of the plaintiff's decedent, alleged to have been caused by the negligence of the defendant.  The case was tried together with the case of *William F. McLaughlin, Administrator* v. *Food Caterers, Inc.*  There was no appeal in the second case.  The trial court was also requested to take judicial notice and did take notice of the case of *Chicken Delight Eastern, Inc.* v. *Ronald Morrison,* Superior Court, Hartford County and the case of *Chicken Delight Eastern, Inc.* v. *Thomas Doyle,* Superior Court, New Haven County. In the present case, the plaintiff alleged that the motor vehicle which struck and killed the plaintiff's decedent was owned by the defendant, Chicken Delight, Inc., and that the operator of said vehicle was its agent.  The allegations of ownership and agency were denied by the defendant.  The court found that the operator of the vehicle, Michael Carfiro, was at fault in its operation.  The court also found the issues of ownership and agency in favor of the defendant and rendered judgment for it, from which judgment the plaintiff has appealed to this court.

The plaintiff claims that the court erred in refusing to find the material facts set forth in sixteen paragraphs of the draft finding which, he claims, were admitted or undisputed. To secure such an addition the plaintiff must in his brief point to some part of the appendix, the pleadings or an exhibit properly before us which discloses that the defendant admitted those facts or conceded them to be undisputed. *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 121, 318 A.2d 84. This the plaintiff has failed to do. A fact is not admitted or undisputed merely because it has not been contradicted, for the question of credibility is for the trier. *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274. While the plaintiff has abandoned one of his assignments of error, he pursues his attack as to thirty-eight paragraphs of the finding as having been found without evidence. The paragraphs of the finding sought to be eliminated are supported by the evidence printed in the appendix to the defendant's brief and therefore must stand. *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196. In most instances in which he challenges facts as being found without evidence, the plaintiff seeks to substitute his own language for that of the court. In effect, the plaintiff is attempting to retry the case on appeal, a practice that has been repeatedly discountenanced. *Sipp* v. *Sipp,* 151 Conn. 705, 197 A.2d 73. No corrections are warranted. These assignments of error amount to a wholesale attack on the court's finding, and we have repeatedly pointed out that attacks of this nature rarely produce any beneficial results. *Morrone* v. *Jose,* supra, 276.

The principal assignment of error pressed by the plaintiff is that the court erred in finding that the operator, Michael Carfiro, was "not the agent" of

this defendant acting within the scope of his employment at the time and place of this accident. In the discussion that follows, the basic conclusions reached by the court are discussed.

The following is a summary of the facts found by the court. The defendant was the franchisor and Food Caterers, Inc., was the franchisee under the terms of an agreement whereby the defendant granted solely to Food Caterers, Inc., the right to use at its store in East Hartford the name, symbols, methods and system of operation of "Chicken Delight." The franchise agreement was designed to control the quality, uniformity and taste of all "Chicken Delight" products sold to the public. It provided that the defendant should have the privilege of complete inspection of the business and books of the franchisee. Under the agreement the franchisee was required to deliver promptly and at the time designated by the customer hot and freshly prepared foods from the "Chicken Delight" store. The franchisee agreed to purchase or lease an adequate number of delivery vehicles and to "maintain a free and adequate delivery service." There are seven such franchises in Connecticut and 400 throughout the United States.

The franchisee owned and operated the East Hartford store already mentioned. Above its entrance was a sign with "Chicken Delight" in large letters and "free delivery" in smaller letters. The motor vehicle in question was owned by the franchisee. There were no markings, printing or signs on it. Inside, at the time of the accident and next to the operator, was a cardboard box imprinted with the words "Chicken Delight." Next to the carton was a heater to keep the food products warm during delivery to customers. At the time of the accident,

the heater was in operation and Carfiro was in the process of making a delivery to a customer. Carfiro was hired by Mrs. Joyce Morrison, widow of Ronald Morrison, who, prior to his death, managed the business. While Morrison was alive, he instructed operator employees how to make deliveries. After his death, Mrs. Morrison took over this task. There was no evidence that Carfiro was hired, paid or instructed by, or known to, the defendant.

The packaged foods to be sold were limited and the only name that could be used was "Chicken Delight"; the place of business had to be known as "Chicken Delight," and the precise method and manner of cooking was specifically defined. The franchisee had to purchase numerous articles and equipment stated by the franchisor to be essential. This equipment had to be purchased from the franchisor or meet the standards prescribed by it. The franchisee was required to sell its food in a container bearing the trademark "Chicken Delight" and buy its entire requirements for the various packaging kits defined by the franchisor. The business could be conducted only at an approved location, and its construction and remodeling had to meet the franchisor's standards. The preparation and cooking of all foods had to meet specific standards.

The trial court concluded that "[a]lthough the financial interest of Chicken Delight, Inc. is advanced and the reputation and good will of Chicken Delight, Inc. are enhanced by the delivery of hot Chicken Delight food products, such is not sufficient to establish a basis for the imposition of liability on Chicken Delight, Inc."

It is the plaintiff's contention that the facts found by the trial court show beyond dispute that at the time of the accident resulting in the death of the

plaintiff's decedent Carfiro in operating the delivery vehicle was acting in furtherance of and for the "benefit" of the business affairs of the defendant, Chicken Delight, Inc.; that there is clearly no reasonable basis for a conclusion that the benefit to the defendant's business affairs was only "incidental and remote," and that the trial court should have held that the plaintiff had, as a matter of law, established an agency relationship sufficient to impose liability on the defendant; that the trial court failed properly to take into account the "benefit" to Chicken Delight in determining whether there existed a relationship for the application of respondeat superior, and that it erred in applying the "control" or "right to control" concept in the agency law of this state. The plaintiff further asserts that the "right to control" factor is not a prerequisite for the application of respondeat superior, but that it is, at most, an evidential factor in conjunction with the essential factor that at the time of the act in question the claimed "agent" was acting in furtherance of the business affairs of the claimed "principal," at the implied or actual behest of the principal.

"(1) Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. (2) The one for whom action is to be taken is the principal. (3) The one who is to act is the agent." Restatement (Second), 1 Agency § 1. An essential factor in an agency relationship is the right of the principal to direct and control the performance of the work by the agent. *Scorpion* v. *American-Republican, Inc.,* 131 Conn. 42, 49, 37 A.2d 802; *Burwell* v. *Neumann,* 130 Conn. 117, 120, 121,

32 A.2d 640; *Electrolux Corporation* v. *Danaher,* 128 Conn. 342, 349, 23 A.2d 135; *Jack and Jill, Inc.* v. *Tone,* 126 Conn. 114, 9 A.2d 497.

It is clear from the record that the plaintiff's principal evidence bearing on the agency issue is the franchise agreement, and whatever inferences the trial court might reasonably have drawn from the two cases[1] of which it took judicial notice.

The question presented to this court is whether it must be held as a matter of law that the trial court, on consideration of all the evidence in the case, could not reasonably and logically have reached any conclusion other than that Carfiro was the agent of Chicken Delight. The question of the existence or nonexistence of an agency relationship is ordinarily one of fact to be determined by the trier of fact. It is only in the clearest circumstances,

---

[1] As noted by the trial court: "In [*Chicken Delight Eastern, Inc.* v. *Ronald Morrison, d.b.a.*] the plaintiff Chicken Delight Eastern, Inc. . . . sought judgment against the defendant Morrison, d/b/a Chicken Delight of a mandatory injunction or order requiring the defendant Morrison d/b/a Chicken Delight to (a) turn over to the plaintiff all cookers and fryers purchased from the plaintiff upon tender by the plaintiff of the amounts specified in the contract, (b) to submit an accounting of sales and purchases and to submit all books and records to an examination by the plaintiff or its duly designated agents, employees or servants, (c) to assign its lease of the business premises to the plaintiff in accordance with the contract, and (d) to remove the name and symbols of 'Chicken Delight' from all places in which they now appear and to refrain from using them in the future."

"In [*Chicken Delight Eastern, Inc.* v. *Thomas Doyle, et al. d.b.a.*] Chicken Delight Eastern, Inc. demanded judgment of (a) an order of injunction enjoining the defendants from committing the claimed breaches, (b) an order of injunction enjoining the defendants from using in the operation of the business any batter preparation other than that sold by Chicken Delight Eastern, Inc., (c) or order compelling that the defendants to [sic] submit to an accounting of their sales and purchases and that the defendant be required to submit his books and records for examination by Chicken Delight Eastern, Inc."

where no other conclusion could reasonably be reached, that the determination of fact by the trier may be disturbed. The trier of fact has to consider all the evidence and then come to its conclusion. *Burwell* v. *Neumann,* supra, 121.

It is true that the provisions of a written contract may be relevant to the fact question of whether an agency relationship exists. *Scorpion* v. *American-Republican, Inc.,* supra, 45, 49. The plaintiff has totally failed to point to any portion of the contract or to any other evidence in the case which would sustain his burden of establishing that Carfiro was an agent of Chicken Delight. The court concluded only that "[a]t the time of the accident, Michael J. Carfiro, Jr., was operating a vehicle owned by Food Caterers, Inc. as an employee of said corporation," and that "[a]t the time of the accident, Michael J. Carfiro, Jr., was operating said automobile as the agent of Food Caterers, Inc., acting within the scope of his employment."

The record discloses that the trial court carefully and thoroughly considered all of the evidence claimed by the plaintiff to have a bearing on the finding of an actual agency relationship. The above findings, however, and others found by the court amply support its conclusion that the plaintiff has failed to establish the requisite agency relationship claimed. This conclusion cannot be disturbed.

On examination of the plaintiff's remaining assignments of error we find that they are without merit.

There is no error.

In this opinion the other judges concurred.