The plaintiff in this action seeks workers' compensation benefits as the result of an anxiety neurosis which he claims to be an injury arising out of and in the course of his employment. The plaintiff is a veteran New London police officer with nineteen years service. On the night of December 23, 1973, he was assigned to investigate the hit and run, fatal injury of one Kevin Showalter. Despite considerable publicity over the years, the plaintiff's continuing investigation, a subsequent coroner's inquest, *Page 325 
state police investigation, and, ultimately, a grand jury inquiry, all failed to produce a chargeable suspect in the case.
On October 22, 1977, the plaintiff had a sudden episode of sweating, tremors, difficulty in breathing and numbness which resulted in hospital emergency room care and subsequent medical treatment. This incident and subsequent similar incidents were ascribed to an anxiety neurosis which was not evident prior to October, 1977.
After a full hearing on the plaintiff's claim, the compensation commissioner concluded that the plaintiff's anxiety neurosis was neither (a) a localized abnormal condition of the body;[1] nor (b) a disease peculiar to a police officer's occupation;[2] nor (c) a personal injury arising out of and in the course of the plaintiff's employment.[3] He further concluded that the plaintiff had failed to prove that the neurosis had arisen out of and in the course of the plaintiff's employment. The plaintiff appealed to the compensation review division, which thereafter affirmed the compensation commissioner's decision in its entirety.
The plaintiff has appealed to this court contending that the commissioner and the compensation review division applied the wrong definition of personal injury in assessing the plaintiff's condition and thereby erroneously concluded that his anxiety neurosis was not a compensable injury. Since the commissioner's factual finding was that the injury, however defined, did not arise out of and in the course of employment, we need not consider whether the plaintiff's injury was compensable under the workers' compensation laws. *Page 326 
"That an injury arose out of the employment can never be held unless there is found a causal connection between the injury and the employment, or the conditions under which the employee is required to carry on his work. .
"Before he can make a valid award the trier must determine that there is a direct causal connection between the injury . . . and the employment. The question he must answer is, was the employment a proximate cause of the disablement, or was the injured condition merely contemporaneous or coincident with the employment? If it was the latter there can be no award made." (Citations omitted.) Madore v. New Departure Mfg. Co., 104 Conn. 709,713, 134 A. 259 (1926).
On this issue the commissioner concluded "that the association between the employment and the neurosis . . . is speculative in nature and the evidence does not meet the burden of proof required to impose liability upon the respondents." The only evidence on this disputed issue was the testimony of the plaintiff's physician who offered his opinion that as a matter of reasonable medical certainty the plaintiff's "anxiety reaction, is directly related to the emotional experiences that he was exposed to starting with December 24th, 1973." Such an opinion is a matter of fact which the commissioner could accept or reject as he saw fit.
"It is only in the clearest circumstances where no other conclusion could reasonably be reached, that the determination of fact by the trier may be disturbed." McLaughlin v. Chicken Delight, Inc.,164 Conn. 317, 323-24, 321 A.2d 456 (1973). We see no basis for disturbing the commissioner's rejection of this opinion testimony.
 There is no error.
In this opinion BERNSTEIN and BORDEN, Js., concurred.