[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE REVISED COMPLAINT FACTUAL BACKGROUND CT Page 3357
The plaintiff alleges that Frank Lorenzo and Kevin Lewis, two former employees of the defendant brokerage firm Josephthal, Lyon and Ross, Inc. (Josephthal), misappropriated funds entrusted into their care by the plaintiff. Specifically, the plaintiff alleges that these employees committed fraud, embezzlement, forgery, larceny, and/or negligence which caused the plaintiff to lose her total investment and life savings of $32,574.00.
Josephthal has filed a motion to strike counts nine, ten, eleven, twelve and thirteen of the revised complaint, dated September 7, 1993, claiming that none of these counts sets forth a claim upon which relief can be granted. The request to strike count 13 was granted by agreement at oral argument.
DISCUSSION
A motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432 (1989). A motion to strike "admits `all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983).
Count nine of the revised complaint alleges negligence against Josephthal for failing to adequately supervise or monitor its employees in the performance of their jobs. For a cause of action in negligence to exist, there must be a duty upon the defendant. "[W]here there is no legal duty, there can be no actionable negligence." Neal v. Shield, Inc., 166 Conn. 3 (1974). The plaintiff argues that she has alleged sufficient facts indicate that there is a legal duty between the parties.
"The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty . . ." Shore v. CT Page 3358 Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982). "A duty . . . may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584,457 A.2d 313 (1983), quoting Coburn v. Lenox Homes, Inc., 186 Conn. 370,375, 441 A.2d 620 (1982). "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." Frankovitch v. Burton, 185 Conn. 14, 20-21, 440 A.2d 254 (1981).
Connecticut courts have held that foreseeability is a question of fact for the jury to decide unless the question of foreseeability is such that only one conclusion can be reached. See Gutierrez v. Thorne, 13 Conn. App. 493, 537 A.2d 527 (1988). Construing the facts alleged in the complaint in the manner most favorable to the plaintiff, this is not a case where only one conclusion can be reached.
The defendant further seeks to have the ninth count stricken based on the fact that the conduct alleged by its employees constitutes a crime. The defendant cites a Florida case for the proposition that an employer may not be held liable for failing to anticipate and provide against a crime by an employee. Belmar, Inc. v. Dixie Bldg. Maintenance, Inc., 226 So.2d 280 (Fla.App. 1969). However, this case is to be distinguished from the present situation. Belmar involved a plaintiff and defendant who were totally unrelated. In Belmar, the defendant hired a third party to clean its offices. This third party then proceeded to steal property from the plaintiff's neighboring offices. The defendant did not give the third party access to the plaintiffs offices. In the present situation, however, there is a relationship between the plaintiff and defendant. The plaintiff was actually doing business with the defendant when the defendant's employees allegedly committed their crimes. Employers will not generally be held liable for failing to anticipate crimes by employees where no access is given. However, where access is given, it cannot be said that because abuse of that access may constitute a crime, there is never any liability on the part of the employer. Furthermore, a Connecticut court has held that an employer could be liable for negligent supervision of an employee in a mental health facility who sexually assaulted a resident, stating that "the foreseeability of whether the defendant's conduct in permitting [the employee] to have a key to the plaintiff's CT Page 3359 apartment would result in a sexual assault upon the plaintiff is a question to be resolved by the trier of fact." Gutierrez v. Thorne, 13 Conn. App. 493, 501, 537 A.2d 527 (1988). As the foreseeability of the alleged acts are a question of fact for the jury to determine, granting a motion to strike would be improper.
The plaintiff has alleged sufficient facts to indicate that there is a legal duty between the parties. For these reasons, the motion to strike count nine of the revised complaint is denied.
Count ten of the revised complaint seeks to hold the defendant liable under the Connecticut Uniform Securities Act (CUSA), Connecticut General Statutes 36-470 through 36-502. The Defendant moves to strike the tenth count on the basis that the plaintiff has failed to allege conduct on the part of the defendant violative of CUSA, and that the applicable statute of limitations has expired.
". . . CUSA, which is also known as `Blue Sky Law' [is a] comprehensive statutory scheme . . . adopted for the protection of investors in this state. While there are few cases interpreting the provisions of CUSA, courts in other jurisdictions have held that Blue Sky Laws should be broadly and liberally construed so as to effectuate the purpose of protecting the investing public from fraud." Shulansky v. Cambridge-Newport Financial Services Corporation, 1993 Conn. Super. Lexis 526
(1993). See Union Land Associates v. Ussher, 174 Or. 453,149 P.2d 568 (1944); McElfresh v. State, 151 Fla. 140, 9 So.2d 277
(1940); Kerst v. Nelson, 171 Minn. 191, 213 N.W. 904 (1927).
CUSA reads, in pertinent part,
 "(a) Any person who: . . . (2) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, . . . is liable to the person buying the security from him . . .
 (b) Every person who directly or indirectly controls a seller liable under subsection (a) of this section, every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale and every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with CT Page 3360 and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist." Conn. Gen. Stat. 36-498.
The plaintiff has alleged that the defendant was engaged in the business of selling stocks, bonds, and/or securities; and that Frank Lorenzo and Kevin Lewis were each employed by the defendant as an agent, broker/dealer, investment advisor and/or investment advisor agent. The plaintiff further alleges activities on the part of Frank Lorenzo and Kevin Lewis that could be interpreted as violations of CUSA. Although no single paragraph in the revised complaint contains any direct allegations of CUSA violations, the complaint read as a whole clearly supports a claim of CUSA violations by Frank Lorenzo and Kevin Lewis.
The question raised by the defendant, however, is whether these allegations are enough to support a CUSA claim against Josephthal. In its memorandum, the defendant suggests that that the plaintiff has not sufficiently alleged that Josephthal exercised control over its employees.
Construing the provisions of CUSA broadly and liberally, it is not difficult to see that the plaintiff has alleged sufficient facts to find that Josephthal exercised some degree of control over Frank Lorenzo and Kevin Lewis. The plaintiff has alleged that Lorenzo and Lewis were each employed by the defendant as an agent, broker/dealer, investment advisor and/or investment advisor agent. Implicit in an employer-employee relationship is some degree of control on the part of the employer over the employee. "Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second), 1 Agency 1. An essential factor in an agency relationship is the right of the principal to direct and control the performance of the work by the agent. Scorpion v. American-Republican, Inc., 131 Conn. 42,49, 37 A.2d 802 (1944); Burwell v. Neumann, 130 Conn. 117,120, 121, 32 A.2d 640 (1943); Electrolux Corporation v. Danaher,128 Conn. 342, 349, 23 A.2d 135 (1941); Jack and Jill, Inc. v. Tone, 126 Conn. 114, 9 A.2d 497 (1939). Had Lorenzo and Lewis been independent contractors rather than employees, this implied control would not necessarily have existed. However, as CT Page 3361 employees, it is implied that they were controlled, directly or indirectly, by Josephthal. This is all of the control required by subsection "b" of CUSA, Conn. Gen. Stat. 36-498.
Accordingly, the plaintiff has alleged facts sufficient to sustain a cause of action under CUSA against the defendant.
The defendant also attacks count ten of the revised complaint based on the ground that the plaintiff's action is barred by the statute of limitations. A motion to strike is not ordinarily the correct procedural vehicle by which to seek to bar an action through the statute of limitations. This type of attack on the complaint is more suited to a summary judgment motion or a motion to dismiss, and as such, it will not now be addressed.
For the foregoing reasons, the defendant's motion to strike count ten of the plaintiffs revised complaint is denied.
Counts eleven and twelve of the revised complaint seek to hold Josephthal liable under the theory of respondeat superior. Specifically, count eleven alleges that Josephthal's employees, Frank Lorenzo and Kevin Lewis, acted intentionally in causing harm to the plaintiff. Count twelve alleges that the plaintiff's losses were caused by the negligence of Lorenzo and Lewis. The defendant has moved to strike counts eleven and twelve on the basis that there is no allegation by the plaintiff that the acts of Josephthal's employees were in furtherance of Josephthal's
business. The plaintiff argues that this is to be implied from the pleadings.
Count eleven alleges intentional conduct by Josephthal's employees. Connecticut courts have long adhered to the principle that in order to hold an employer liable under respondeat superior for the intentional torts of an employee, the employee must be acting within the scope of his employment and in furtherance of the employers business. A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 208, 579 A.2d 69 (1990); Cardona v. Valentin, 160 Conn. 18, 22, 273 A.2d 69 (1970). "[I]t must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." Mitchell v. Resto, 157 Conn. 258, 262, 253 A.2d 25
(1968).
Count twelve alleges that Josephthal's employees acted negligently. Again, in the case of non-intentional torts, the CT Page 3362 employee's conduct must be in furtherance of the business affairs of the employer to succeed on a theory of respondeat superior. See McLaughlin v. Chicken Delight, Inc., 164 Conn. 317,321 A.2d 456 (1973).
It is clear that an employee must be acting in furtherance of his employer's interests for en [an] employer to be held liable under the theory of respondeat superior. It is not so clear, however, what form the allegations against the employer must take. Connecticut courts have differed on the terminology used in pleading respondeat superior claims. The different forms which the terminology has taken include "within the scope of his employment and in furtherance of the employer's business" A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 208,579 A.2d 69 (1990); "agency relationship" McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 321 A.2d 456 (1973); and "within the scope of their employment" Eldredge v. Free N Easy, Inc.1993 Conn. Super. Lexis 2083 (1993); Dukes v. Hawkins,1993 Conn. Super. Lexis 1231 (1993).
In A-G Foods, Inc., the court did not separate the terms "within the scope of employment" and "in furtherance of the employer's business." Instead, the court consistently used these two phrases together as one. In other words, the court did not see these as two distinguishable factors in the determination of liability, but as one. In McLaughlin, the court discussed the "in furtherance of the employer's business" requirement as an evidentiary factor in establishing an agency relationship which would lead to employer liability. In Eldredge and Dukes, the court used the "in furtherance of the employer's business" requirement as part of a determination of whether the employee was acting within the scope of employment. The Dukes court considered acts done by an employee with "a view of furthering his master's business" as the test for establishing scope of employment. The Eldredge court quoted Prosser and Keeton, stating that "[I]t has been said that the servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, . . . . and is actuated, at least in part, by a purpose to serve his master." Dukes v. Hawkins,1993 Conn. Super. Lexis 1231 (1993), (citing Prosser and Keeton on Torts, Fifth Edition, p. 502 (1984)).
The plaintiff has alleged that Josephthal was "engaged in the business of selling stocks, bonds, and/or securities," and that Frank Lorenzo and Kevin Lewis were each "employed by CT Page 3363 Josephthal . . . as an agent, broker/dealer, investment advisor and/or investment advisor agent," and that Frank Lorenzo and Kevin Lewis acted, at all relevant times, within the scope of theft employment. By alleging both an agency relationship and that the employees acted within the scope of their employment, the plaintiff has made sufficient allegations to invoke the doctrine of respondeat superior.
For the reasons stated above, the motion to strike counts eleven and twelve of the revised complaint is denied.
Defendant's motion to strike counts nine, ten, eleven, and twelve of the plaintiffs revised complaint is denied on all counts.
Michael R. Sheldon Judge