[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (No. 117, MOTION TO STRIKE
CT Page 4180-AB
On April 15, 1994, the plaintiff, Walter D. Fonfara ("Fonfara"), brought a two count Amended Complaint against the defendant, Bank of Boston Connecticut ("Bank") alleging breach of contract and breach of fiduciary duty.
In his Amended Complaint, the plaintiff alleges the following: On or about October 30, 1985, the plaintiff entered into an agreement with the Bank wherein the Bank contracted to provide financial advice to the plaintiff for a fee of $3,000. On or about October 1985, Robert Dowd ("Dowd"), the director, president and principal shareholder of Security Financial Corporation ("SFC"), a financial advising company, entered into an agreement with the Bank whereby SFC would provide financial planning services to the Bank's customers.
The plaintiff had not known or heard of Dowd prior to October 1985, when the Bank introduced the plaintiff to Dowd as the person with whom the plaintiff would work under the plaintiff's agreement with the Bank. Thereafter, based on the Bank's appointment of Dowd as the plaintiff's financial advisor, the plaintiff placed his full trust in Dowd and disclosed all of his financial affairs to Dowd.
Beginning on, or about, October 30, 1985, Dowd was the financial advisor to the plaintiff. In paragraph 11, the plaintiff alleges that: "At first, Dowd advised the plaintiff as a subcontractor for the Defendant Bank and later did so as a principal of SFC."
The Amended Complaint also contains the following allegations: On, or about, March 3, 1987, Dowd recommended that the plaintiff invest $30,000.00 in SFC, the corporation of which Dowd was the president. On this recommendation, the plaintiff did so invest his money. At the time the plaintiff issued Dowd a note for $30,000.00, Dowd did not inform the plaintiff that SFC was nearly insolvent and that it had no means of repaying the note given to it by the plaintiff. Dowd's omission of this information was intentional fraud on his part in the amount of $30,000.00. CT Page 4180-AC
Within the contract between the Bank and the plaintiff to provide financial services it was implicit that the persons entrusted to carry out those services would be trustworthy. In Count One of the amended complaint, the plaintiff alleges that the Bank breached its contract with the plaintiff by appointing Dowd, an untrustworthy person, to serve as the plaintiff's financial advisor; by failing to supervise Dowd's dealings with the plaintiff; by failing to inform the plaintiff that Dowd was untrustworthy; and by failing to inform the plaintiff that Dowd was not a reliable financial advisor.
In count two, the plaintiff alleges that the Bank breached its fiduciary duty to the plaintiff by appointing Dowd, an untrustworthy person to serve as the plaintiff's financial advisor; by failing to supervise Dowd's dealings with the plaintiff; by failing to inform the plaintiff that Dowd was untrustworthy; and by failing to inform the plaintiff that Dowd was not a reliable financial advisor.
On November 15, 1994, the defendant, Bank of Boston, pursuant to Practice Book § 151 et. seq., filed a Motion to Strike Counts One and Two of the plaintiff's Amended Complaint on the grounds that the plaintiff's claims are legally insufficient.
A motion to strike is used to test the legal sufficiency of a complaint, counterclaim, or any count therein to state a claim upon which relief can be granted. Practice Book § 152; see Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Accordingly, "if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton,212 Conn. 138, 143, 561 A.2d 432 (1989).
In deciding the motion, the facts to be considered "include the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." CT Page 4180-AD (Citations omitted). Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
The defendant moves to strike Count One of the plaintiff's Amended Complaint on the ground that it is legally insufficient to support a claim for breach of contract. The defendant argues in its memorandum in support of its motion to strike that the plaintiff has alleged no facts to support a finding of a breach of duty on the part of the defendant.
The defendant further claims that the plaintiff has alleged no facts to support his claim that the defendant either knew that Dowd was a fraudfeasor during the plaintiff's relationship with the defendant or that the defendant had knowledge of the plaintiff's relationship with Dowd after the plaintiff terminated his relationship with the defendant. Additionally, the defendant claims that no such cause of action exists which could find liability on behalf of the Bank under the facts as alleged.
In opposition to the defendant's Motion to Strike, the plaintiff contends that the defendant's contract to provide financial advice to the plaintiff implicitly provides that the defendant's duties were to be performed in good faith and that the person assigned those duties would be trustworthy. The plaintiff claims that Tormo v. Yormack, 398 F. Sup. 1159,1771 (D.C.N.J. 1975) holds that when a person, (the defendant), delegates one's responsibilities to another, the delegator, (the defendant), is under a duty to select a person who is competent and trustworthy. The plaintiff further argues that the defendant, in selecting Dowd, breached its implicit duty to select a competent and trustworthy person.
"A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burnsv. Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994) citing Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375,441 A.2d 620 (1982). "The law does not recognize a duty in the air." Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379
(1982). "To sustain a cause of action, the court must determine whether the defendant owed a duty to the plaintiff CT Page 4180-AE . . ." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,171, 544 A.2d 1185 (1982). Moreover, it is a basic tenet of contract law that when a contract is terminated, the rights and obligations under that contract are also terminated. See 1 Williston, Contracts (Jaeger ed. 1957), 90.
In the present case, the defendant contracted in October 1985 with the plaintiff to provide financial advisory services for a one year period. While these parties were under contract, the parties owed certain duties to each other, such as implied duties of good faith and fair dealing. Nonetheless, upon the termination of their contractual relationship, the duties which the parties owed to each other also terminated.
Therefore, even viewing the complaint in the light most favorable to the plaintiff, he has not alleged sufficient facts to demonstrate that the defendant owed him a duty some two years after the termination of their contractual relationship. Accordingly, the defendant's motion to strike count one of the Amended Complaint is granted.
In support of its motion to strike Count Two of the plaintiff's Amended Complaint, the defendant claims that the allegations are insufficient to support a claim that a fiduciary relationship existed between the parties at the time of Dowd's alleged wrongdoing. Additionally, the defendant argues that the plaintiff's allegations are insufficient to support a claim for breach of a fiduciary relationship.
In opposition, the plaintiff contends that his relationship with the defendant was a fiduciary one. The plaintiff contends that by placing Dowd, an untrustworthy person, into a position where the plaintiff would rely on him for investment advice, the defendant breached a fiduciary duty owed to the plaintiff.
"Agency is the fiduciary relationship which results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (Citations omitted.)McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 322,321 A.2d 456 (1973). "A fiduciary relationship arises out of situations `in which there is a justifiable trust confided on CT Page 4180-AF one side and a resulting superiority and influence on the other.'" Connecticut National Bank v. Anderson,5 Conn. L. Rptr. 60, 61 (October 1, 1991, Pickett, J.) quoting Alaimo v.Royer, 188 Conn. 36, 41, 448 A.2d 207 (1982).
"Courts have developed the doctrine of apparent authority to protect, under proper circumstances, a third person in his dealings with an agent who lacks express authority." (Citations omitted.) Edart Truck Rental Corp. v. Swirsky Co., 23 Conn. App. 137, 140, 579 A.2d 133 (1990). "Apparent authority terminates when the third person has notice that: (1) the agent's authority has terminated. . . ." Tomlinsonv. Board of Education, 226 Conn. 704, 735, 629 A.2d 333
(1993).
In deciding whether apparent authority may have existed courts will look to whether "the party dealing with the agent must have, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority to bind the principal to the agent's action."Tomlinson, supra, 226 Conn. 734-735.
Despite the fact that a few courts have stated that the issue of whether a fiduciary duty is owed by one party to another is not properly determined by a motion to strike,[1]
this court grants the defendant's motion to strike count two.
In striking Count Two, notice is taken of the plaintiff's allegation in paragraph eleven in his Amended Complaint which states that "[a]t first, Dowd advised the plaintiff as a subcontractor for the Defendant Bank and later did so as aprincipal of SFC." (Emphasis added.)
Even examining the pleadings in the light most favorable to the plaintiff, this court finds that the plaintiff has not alleged sufficient facts that, if proven, would establish that the plaintiff had no knowledge Dowd was no longer acting as an agent for the defendant. Defendant's motion to strike Count Two of the Amended Complaint is also granted.
Accordingly, the Motion like both counts is granted.
Schimelman, J. CT Page 4180-AG