[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#190)
FACTS
The plaintiff, Mario Pac, commenced an action against the defendants, Town of Southington (Southington), Water Works Department (Water Works), Anthony Tranquillo (Tranquillo), and A-N Consulting Engineers, Inc. (A-N), to recover damages for personal injuries allegedly sustained when a trench in which the plaintiff was working collapsed. The plaintiff's employer, Mastrobattisto, Inc. (Mastrobattisto), filed an intervening complaint and the defendant and third party plaintiff, A-N Consulting Engineers, Inc. (A-N), filed a third party complaint against the third party defendant, Mastrobattisto, Inc., bearing a return date of August 13, 1996.
The third party complaint which is the subject of the motion to strike presently before the court is in four counts all directed against Mastrobattisto. The first count alleges breach of contract based on A-N's status as an agent of the Town of Southington. The second count alleges breach of contract based on A-N's status as a third party beneficiary of the contract between the Town of Southington and Mastrobattisto. The third count sets forth a claim for indemnification and the fourth count sets forth a claim for indemnification based on A-N's alleged status as a third party beneficiary.
The third party defendant, Mastrobattisto, filed a motion to strike all four counts of the complaint on the grounds that: (1) the first count is legally insufficient because A-N rests its claim for breach of contract on its status as an agent of the Town without alleging the necessary elements of agency; (2) the second count is legally insufficient because A-N bases its claim for breach of contract on its status as a third party beneficiary without pleading the necessary elements to prove that it is a third party beneficiary; (3) the third count is legally insufficient because A-N has failed to allege that it has an independent legal relationship with Mastrobattisto and, therefore, can not recover as a third party in a suit by an employee against an employer due to the operation of the CT Page 6904 exclusive remedy clause of the Workers' Compensation Act; and (4) the fourth count is legally insufficient because A-N has not alleged the elements of a third party beneficiary claim. Mastrobattisto timely filed a memorandum in support of the motion to strike.
A-N timely filed a memorandum in opposition to the motion to strike. The objection filed by the third party plaintiff pertains only to the first and third counts of the third party complaint. At oral argument, however, counsel for A-N argued in opposition to the motion to strike as it pertains to all counts. The oral argument presented on counts two and four were similar to the arguments asserted as to counts one and three.
DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of any complaint, counterclaim or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied . . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged . . . ." (Citations omitted.) Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215. CT Page 6905
I. First Count — Breach of Contract Based On AgencyTheory
In the first count of its complaint, A-N, alleges a breach of contract claim based on its status as an agent of the Town of Southington. The first count alleges that the Town undertook to contract for certain work in connection with the project which is the subject of the plaintiff's complaint. In connection with this work, the Town allegedly entered into a contract with Mastrobattisto. Under the contract Mastrobattisto allegedly agreed to indemnify and hold harmless the Town and its agents from all claims brought for injuries sustained in connection with the performance of the contract. (Third Party Complaint, First Count ¶¶ 3 and 4.) A-N, which also contacted with the Town in connection with the construction project, alleged that it was "acting as an agent of the Town in connection with certain engineering services concerning the contract work." (Third Party Complaint, First Count ¶ 5.)
"Acts and contracts may be stated according to their legal effect, but in so doing the pleadings should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. . . . The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them. . . . A pleading defective in alleging a conclusion without facts to support it is demurrable. . . ." (Citations omitted.) Smith v. Furness, 117 Conn. 97, 99, 166 A. 759 (1933); see also Buckman v. People Express, Inc., 205 Conn. 166, 173,530 A.2d 596 (1987).
"Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Restatement (Second), 1 Agency § 1 [1958]. McLaughlin v. Chicken Delight,Inc., 164 Conn. 317, 322, 321 A.2d 456 (1973). Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. Restatement (Second), 1 Agency § 1, comment b (1958). (Internal quotation marks omitted.)Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 184, CT Page 6906544 A.2d 1185 (1988); Botticello v. Stefanovicz, 177 Conn. 22, 25,411 A.2d 16 (1979)." Gateway v. DiNoia, 232 Conn. 223, 239-40,654 A.2d 342 (1995).
Mastrobattisto argues that the plaintiff has completely failed to allege any facts which would support its conclusion that it is an agent of the Town within the meaning of the Town's contract with Mastrobattisto. Mastrobattisto, however, has failed to provide the court with any authority to support the position that A-N must plead the elements of agency to support a claim for breach of contract based on A-N being an agent of the Town and thus subject to indemnification under the contact. The court agrees that the elements must be proven but finds no authority to support the claim that the elements must be pled when the crux of the claim is breach of contract. "The existence of agency is a question of fact to be determined by the trier of fact.Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 133,464 A.2d 6 (1983)." Gateway v. DiNoia, supra, 232 Conn. 240. Although the third party defendant correctly points out that the third party plaintiff will have to prove the elements of agency, the facts alleged by the third party plaintiff in this case fairly apprise the third party defendant of A-N's intent to pursue a claim for breach of contract based on agency. Additionally, if Mastrobattisto was in doubt as to the nature of this claim or the legal theory underlying it, it could have sought a more particular description of the agency relationship by filing a request to revise. The third party defendant in this case never filed such a request. Therefore, the motion to strike the first count is denied.
II. Second Count and Fourth Count
In the second count of the third party complaint A-N claims that it is a third party beneficiary of the indemnification provision of the contract between Mastrobattisto and the Town. A-N claims that as a third party beneficiary, it is entitled to damages from Mastrobattisto for Mastrobattisto's alleged breach of its indemnification agreement with the Town.
Likewise, the fourth count of the third party complaint alleges that A-N is a third party beneficiary of the indemnification provisions of the contract between Mastrobattisto and the Town. The Connecticut Supreme Court has stated that "a third party seeking to enforce a contact must allege and prove that the contracting parties intended that the promisor should CT Page 6907 assume a direct obligation to a third party." (Emphasis added.)Stowe v. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). In the present case, the third party plaintiff, A-N, has failed to allege an essential element of a third party beneficiary claim, namely that the third party defendant intended to assume a direct obligation to the third party plaintiff.
The third party plaintiff presented only oral argument claiming that the facts pled were sufficient to state a claim for a third party beneficiary breach of contract claim and third party beneficiary indemnification claim. This court does not agree. Based on necessity of alleging a direct obligation to the third party plaintiff as stated in Stowe v. Smith, supra,184 Conn. 196, the motion to strike the second and fourth counts of the third party complaint is granted.
III. Third Count
The third count of the third party complaint sets forth a claim for indemnification. "Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,412, 207 A.2d 732 (1965). Ordinarily, there is no right of indemnity between joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Kaplan v. Merberg WreckingCorporation, supra. Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. SeeFerryman v. Groton, supra, 144, Farm Bureau Mutual AutomobileIns. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 544,107 A.2d 406 (1954). In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: `(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.' Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982)." Atkinson v. Berloni, 23 Conn. App. 325,326-27, 580 A.2d 84 (1990). Each of the above four elements were alleged in count four of the third party complaint. (Third Party Complaint, Third Count Paragraphs 13, 14, 15 and 16, respectively.) CT Page 6908
An implicit requirement in indemnification cases is the existence of an "independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Some Connecticut cases have expressly required such a relationship.Ferryman v. Groton, supra; Farm Bureau Mutual Automobile Ins. Co.v. Kohn Bros. Tobacco Co., supra; Maccarone v. Hawley, 7 Conn. App. 19,507 A.2d 506 (1986). In each of these cases, the alleged indemnitor was the employer of the plaintiff, and the issue was whether the employer owed an independent legal duty to the defendant sufficient to overcome the exclusive remedy clause of the Workers' Compensation Act. In Ferryman, the Supreme Court found that the requisite independent relationship arose from the parties' joint ownership of the property on which the plaintiff was injured, and allowed a claim for indemnification to survive a motion to strike. Ferryman v. Groton, supra, 145-46. InMaccarone, this court found that an independent legal relationship between the parties to a third party complaint arose from an express contract and allowed the claim for indemnification based on the contract to withstand a motion to strike. Maccarone v. Hawley, supra, 23-24. The court in FarmBureau found a legal duty stemming from lease contract for a motor vehicle between the third party plaintiff's insured and the employer of the original, injured plaintiff. Farm Bureau MutualAutomobile Ins. Co. v. Kohn Bros. Tobacco Co., supra." Atkinsonv. Berloni, supra, 23 Conn. App. 327.
"While most Connecticut indemnification cases do not expressly address the requirement of an independent legal relationship between the parties, [the court] found none allowing a claim for indemnification in the absence of such a duty or relationship. See, e.g., Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 579 A.2d 26 (1990) (contractual relationship between licensee and licensor); Malerba v. Cessna Aircraft Co.,210 Conn. 189, 554 A.2d 287 (1989) (contractual relationship between owner and manufacturer of airplane); Beaudoin v. Town OilCo., 207 Conn. 575, 542 A.2d 1124 (1988) (contractual relationship between owner of house and insulation contractor);Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135,475 A.2d 305 (1984) (landlord tenant relationship). We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Atkinson v. Berloni, supra,23 Conn. App. 328. CT Page 6909
Paragraph 12 or the third count alleges that "The plaintiff claims, in effect, that Mastrobattisto, Inc. and A-N Consulting Engineers had an independent legal relationship under which A-N Consulting Engineers had the duty to supervise Mastrobattisto, Inc." This allegation, read in a light most favorable to the nonmoving party, coupled with the allegations setting forth the other four explicit requirements of a claim for indemnification, alleges each of the essential elements.
The third party defendant argues that the claim set forth in paragraph 12 is nothing more than an interpretation of the claim made by the plaintiff phrased to serve A-N's purpose but does not allege that A-N had an independent legal relationship with Mastrobattisto. The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The trial judge "must construe the facts most favorably to the [non-moving party]." Id. The court agrees with the third party defendant in as much as the third party plaintiff's pleading could have been more direct, but the court finds that the essential elements have been pled. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. . . . (Citations omitted; internal quotation marks omitted.) NormandJosef Enterprises v. Connecticut National Bank, 230 Conn. 486,496, 646 A.2d 1289 (1994). Accordingly, the third party defendant's motion to strike the third count of the third party complaint is denied.
In summary, the third party defendant's motion to strike the second and fourth count of the third party plaintiff's complaint is granted. The third party defendant's motion to strike the first and third count of the third party plaintiff's complaint is denied.
DRANGINIS, J. CT Page 6910