[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a contract dispute. The plaintiff, Nadine De Lucia, claims that the defendants, Biagio and Anthony Fronte, breached an agreement by them to purchase a business owned by her, Pond Hill Landscaping, by failing to pay the agreed-upon purchase price. The defendants deny any wrongdoing. A hearing on the merits was held on March 30, 2000, and the parties filed post-trial memoranda.
 II
De Lucia started Pond Hill Landscaping in 1995 as a grass-cutting operation, later expanding into snow-removal and yard clean-up. De Lucia ran the business but depended on an employee, Ken, to do the physical labor. By Spring of 1997, De Lucia had decided to sell the business. A man she was dating, Michael Guercia, put De Lucia in contact with the defendants Biagio and Anthony Fronte, father and son. Guercia and both Frontes worked at LG. DeFelice, where Biagio, "Ben", Fronte was construction supervisor. Anthony, age 27, had done some grass cutting on the side and he and Michael had discussed going into business together. An initial meeting with De Lucia was held at Biagio Fronte's home. The parties differ as to what took place at that meeting but it is undisputed that De Lucia displayed a customer list (Plaintiff's Exhibit #1) and a CT Page 9399 list of equipment (Plaintiff's Exhibit #2) to be included in the sale and stated her asking price for the business was $25,000.00. Biagio Fronte reviewed the lists and concluded the business was worth $20,000.00, if the lists were accurate and the equipment in good working order. De Lucia indicated she would sell the business for $20,000.00 and the parties agreed on a selling price of $20,000.00, subject to verification of De Lucia's lists.
The Frontes and Guercia next met with De Lucia at the location where she stored the equipment. The men inspected the equipment. Although Biagio, at the time of trial described the said equipment as "garbage," it apparently was not so defective as to warrant cancellation of the deal. De Lucia testified that the parties agreed on the $20,000.00 purchase price and agreed to meet on April 30, 1997, to close the deal. The court finds her testimony as to the agreement on price and date of closing credible.
Biagio Fronte testified that at the first meeting at his home, he handed De Lucia $2,000.00, which he described as a non-refundable deposit, an effort to show good faith. De Lucia claims that she was given $2,000.00 by Anthony on April 30th. What is undisputed is that the Frontes paid De Lucia $2,000.00 on or before April 30th Also undisputed is that the $2,000.00 is the sum total of payments received by De Lucia from the Frontes.
On April 30th, only Anthony Fronte appeared for the meeting. He brought no written contract. Nor did he bring the balance due and owing on the sale and purchase of the subject business. Nonetheless, De Lucia turned the keys of the business over to Anthony and he and Michael began servicing accounts in May. At the April 30th meeting the plaintiff and Anthony Fronte signed a document drawn up by the plaintiff (Plaintiff's Exhibit 3). De Lucia assisted Michael and Anthony with office work during May and continued her efforts, without success, to obtain payment of the outstanding balance of $18,000.00. Anthony and Michael continued to operate the business, servicing accounts in May, June, July and into August. Disappointed in their expectations, they ceased operating the business and in September returned the Pond Hill Landscaping equipment to the site where De Lucia had previously rented storage space. Faced with the prospect of paying storage fees, De Lucia sold the equipment to the owner of the storage site for $4,000.00. De Lucia then instituted this suit, claiming breach of contract by the defendants and seeking damages in the amount of $18,997.27, representing the sale price of $20,000.00, less the $2,000.00 paid, less the $4,000.00 realized from the sale of equipment, plus $613.29 for equipment repair, plus interest for three years at 10% in the amount of $4,389.38. CT Page 9400
 III
The plaintiff claims that the parties reached an agreement on the sale and purchase of the plaintiffs business to the defendants and that the document, signed by her and Anthony Fronte on April 30, 1997, is a valid, legally binding contract for the sale of Pond Hill Landscaping to the defendants, father and son. The Court notes that Paragraph 3 of the plaintiffs amended complaint reads: "3. On or about April 30, 1997, the plaintiff and the defendants entered into a written contract for the purchase of the plaintiffs landscaping business." The court notes the defendants' Answer reads: "3. Admitted as to Anthony Fronte. Denied as to Biagio Fronte." Nevertheless, the defendants claim that the agreement between the parties was "tentative", conditioned (1) on the customer list representing actual, "active", customers, and (2) that the equipment was in good working order.
Based on the testimony and evidence presented at trial the Court finds that the plaintiff has established, by a fair preponderance of the evidence, that there was a valid, legally binding contract between the plaintiff, Nadine De Lucia, and the defendant, Anthony Fronte, as evidenced by the writing signed by the parties on April 30, 1997 (Plaintiff's Exhibit 3). The Court finds that at the time of their first meeting with the plaintiff, the Frontes reached an agreement with the plaintiff to purchase her business, Pond Hill Landscaping, contingent on her representations of a bonafide customer list and of existing equipment. The Court finds that the parties met a second time to inspect said equipment; that the purchaser had adequate time to check out the customer list prior to April 30, 1997, and that Anthony Fronte, by signing the writing, Exhibit 3, on April 30, 1997, entered into a valid, binding contract, with the plaintiff to purchase the business for a total sales price of twenty thousand dollars ($20,000.00), without contingencies.
The Court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant, Biagio Fronte, entered into a valid, binding contract with the plaintiff to purchase her business, Pond Hill Landscaping. Biagio Fronte testified he planned to provide the money to allow his son Anthony to purchase the said business. Although Biagio Fronte took the lead in negotiating the tentative agreement reached at the first meeting, the plaintiff failed to establish, by a fair preponderance of the evidence, that Biagio Fronte intended himself to purchase said business. Biagio Fronte was not present at the April 30, 1997, and the plaintiff was unable to establish that Anthony acted on his father's behalf or that the father authorized the son to act on his behalf in signing the said agreement. CT Page 9401
The plaintiff argues that both Biagio and Anthony Fronte are liable for breach of contract, that they should be held jointly and severally liable, in that Anthony signed the agreement of April 30, 1997, both in his own right and as agent for his father.
Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. The one for whom action is to be taken is the principal. The one who is to act is the agent. Restatement (Second), 1 Agency § 1, McLaughlinv. Chicken Delight, Inc., 164 Conn. 317, 322. While Biagio Fronte played a dominant role in negotiating the terms of the initial agreement, the plaintiff has failed to establish that Biagio ever intended himself to purchase the business in question, nor that in signing the agreement of April 30th, Anthony acted on his father's behalf. The plaintiff has failed to establish that Biagio Fronte was a party to the contract entered into by the plaintiff and Anthony Fronte.
 IV
The Court finds that the plaintiff has established, by a fair preponderance of the evidence, that the defendant, Anthony Fronte breached the contract between him and the Plaintiff, Nadine De Lucia, in failing to pay the balance owing on said contract, eighteen thousand dollars ($18,000.00). He also failed to reimburse the plaintiff $613.29 for expenses incurred for equipment repair by Anthony Fronte and paid by the plaintiff.
The Court finds that the conditional agreement entered into by the parties was converted by them into a final agreement on April 30, 1997, when Anthony Fronte tendered the plaintiff $2,000.00, agreed in writing to pay the amount owing, $18,000.00, on May 4, 1997 (Exhibit 3) and accepted the keys to the business from the plaintiff. Anthony Fronte and his associate Guercia proceeded to service Pond Hill Landscaping customers in May, June, July and August, without payment of the outstanding balance of the purchase price. The Court notes that the defendant made no accounting to the plaintiff of moneys received from customers for work done during those months. The Court finds testimony that said contract remained contingent, or tentative, and not final, during the period May to September, 1997, not credible.
 V
The Court, having found that the defendant, Anthony Fronte, entered into a valid, legally binding contract with the plaintiff, Nadine De Lucia and that Anthony De Lucia breached the terms of said contract, the CT Page 9402 Court finds that the plaintiff has established damages in the amount of eighteen thousand, nine hundred ninety seven and twenty seven one hundredths dollars ($18,997.27), representing $14,000.00 owing under the contract; $613.29, equipment repair bill; and interest at 10%, $4,389.38.
Accordingly, judgment may enter in favor of the plaintiff, Nadine De Lucia, as against the defendant, Anthony Fronte only, in the amount of eighteen thousand, nine hundred ninety seven and twenty seven one hundredths dollars $18,997.27).
By the Court,
Downey, J.